**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| LARRY JOHNSON, WENDY WALKER, AMELIA PELLICCIOTTI; | § § § | |
| NATIONAL FEDERATION OF THE BLIND OF TEXAS; and | § § § | |
| THE COALITION OF TEXANS WITH DISABILITIES, | § § § | |
| Plaintiffs, | § § | Civil Action No. 5:22-cv-409 |
| vs. | § § § | |
| JACQUELYN F. CALLANEN, in her official capacity as the Bexar County Elections Administrator; and BEXAR COUNTY, TEXAS | § § § § | |
| Defendants. | § § | |

**COMPLAINT**

**INTRODUCTION**

1.      Larry Johnson, Wendy Walker, Amelia Pellicciotti, the National Federation of the

Blind of Texas ("NFB-TX"), and the Coalition of Texans with Disabilities ("CTD") (collectively

"Plaintiffs") bring this action against Bexar County, under Title II of the Americans with

Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12131, *et seq.*, and Section 504 of the

Rehabilitation Act of 1973 ("Section 504"), 29 U.S.C. § 794, *et seq.* Plaintiffs seek to vindicate the

right of individuals who, by reason of their disabilities, cannot read and fill out a paper ballot to

vote privately and independently by mail-in ballot in future elections. Because vote-by-mail ballots

in Bexar County are transmitted, marked, and returned entirely on paper, this process is

inaccessible to blind or low-vision voters and other voters with disabilities that prevent them from

marking a paper ballot. As such, Defendants, by refusing to provide an accessible vote-by-mail ballot to Plaintiffs, are denying Plaintiffs their right to cast a private ballot in violation of federal laws.

2.      Voters are eligible to vote early by mail ("vote-by-mail") in Texas if they: (a) will be away from their county on Election Day and during early voting; (b) are disabled; (c) are 65 years of age or older on Election Day; or (d) are confined in jail, but eligible to vote.

3.      The ballot used for vote-by-mail voting is a paper ballot.

4.      Thus, voting by mail is inaccessible for blind[1] voters or other voters with disabilities who cannot complete a paper mail-in ballot by reason of disability.[2]

5.      The inaccessible vote-by-mail ballot system in Bexar County is part of a long history of discriminatory barriers—from inaccessible transportation, to inaccessible polling places, to inaccessible voting machines—that people with disabilities have had to endure.

6.      As a consequence, the voter turnout of persons with disabilities has been lower than turnout among voters without disabilities.[3] However, this does not reflect a lack of interest in voting. Voter turnout for persons with disabilities has increased substantially across the country in recent years as states reduce barriers to voting for the disabled.

7.      Bexar County already offers electronic ballots delivered by email for members of the military and overseas voters in federal elections pursuant to the Uniformed and Overseas

---

[1] For semantic convenience throughout this Complaint, the term "blind" is used in its broadest sense to include all persons who, under federal civil rights laws, have a vision-related disability that requires alternative methods to access print.

[2] For semantic convenience throughout this Complaint, we refer to these disabilities as "print disabilities."

[3] L. Schur & D. Kruse, *Fact Sheet: Disability and Voter Turnout in the 2018 Elections*, Rutgers School of Management & Labor Relations 5 (May 18, 2020), https://smlr.rutgers.edu/sites/default/files/2018disabilityturnout.pdf.

Citizens Absentee Voting Act ("UOCAVA"). See

https://www.votetexas.gov/voting/index.html#military-and-overseas-voters, at B.

8.      Because Bexar County already has an electronic ballot under UOCAVA, it has a means to offer an accessible electronic ballot to county residents who need an accessible mail-in ballot by reason of disability.

9.      However, Bexar County refuses to provide accessible electronic ballots to individuals with vision and print disabilities. This refusal deprives Plaintiffs of their right to vote privately and independently because they must rely on a sighted person to assist them with the ballot.

10.      The Texas Election Code provides that voters have the right to vote in secret. TX ELEC § 62.0115(b)(2).

11.      Because other vote-by-mail eligible voters may cast their votes by mail-in ballot secretly, privately and independently, the ADA and Section 504 require Defendants to offer voters who are blind or have print disabilities—including Plaintiffs—an equal opportunity to do the same.

12.      Bexar County must implement a solution that makes available an accessible electronic vote-by-mail program so that blind and print disabled vote-by-mail eligible voters have equal access to vote secretly, independently and privately in all elections.

## JURISDICTION AND VENUE

13.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1343, because Plaintiffs' claims arise under the ADA and Section 504. In addition, the Court has jurisdiction over Plaintiffs' claims for declaratory relief pursuant to 28 U.S.C. §§ 2201–02.

14.     Venue is proper in the Western District of Texas pursuant to 28 U.S.C. § 1391(b)(1) because Defendants reside in this district.

**PARTIES**

15.     Plaintiff Larry Johnson is a blind individual who is registered to vote in Bexar County. Mr. Johnson is a member of the Coalition of Texans with Disabilities. He resides in San Antonio, Texas and is a regular voter who would like to vote in upcoming elections by mail. Mr. Johnson is eligible to vote-by-mail in Texas. In the 2020 primary and general elections he had to ask a family member to come to his home to complete vote-by-mail ballots for him. For the March 2022 primary election, he had to vote in person, even though he has a medical condition that places him at high risk for COVID-19 infection. He encountered barriers to voting in person at that time.

16.     Plaintiff Wendy Walker is a blind individual who is registered to vote in Bexar County. Ms. Walker is a member of the National Federation of the Blind of Texas. She resides in San Antonio, Texas and is a regular voter who would like to vote in upcoming elections by mail. Ms. Walker is eligible to vote-by-mail in Texas. Because she knew the ballot-by-mail system in Bexar County was inaccessible, Ms. Walker had to vote in person. In addition to making her risk contracting COVID, this required her to arrange for a friend to drive her, to stand in a long line, and to wait for the only poll worker trained to operate the accessible voting machine.

17.     Plaintiff Amelia Pellicciotti is a blind individual who is registered to vote in Bexar County. Ms. Pellicciotti is a member of the National Federation of the Blind of Texas. She resides in San Antonio, Texas and is a regular voter who would like to vote in upcoming elections by mail. Ms. Pellicciotti is eligible to vote-by-mail in Texas. Because she knew the ballot-by-mail system in Bexar County was inaccessible, Ms. Pellicciotti had to vote in person, making her risk COVID because she was not eligible for a vaccination. She had to arrange for a friend to drive her and wait

in a long line, trying to maintain social distance. Once inside the polling place, she was unable to maintain social distance and had to touch machines that other voters had touched.

18.     Plaintiff National Federation of the Blind of Texas ("NFB-TX") is the Texas affiliate of the National Federation of the Blind. NFB-TX is a 501(c)(3) non-profit membership organization comprised of blind Texans and their families and friends. The organization promotes the general welfare of the blind by assisting the blind in their efforts to integrate themselves into society on terms of equality and by removing barriers that result in the denial of opportunity to blind persons in virtually every sphere of life, including education, employment, family and community life, transportation, and recreation. NFB-TX's goal of complete integration of the blind into society on a basis of equality includes removal of legal, economic, and social discrimination. NFB-TX advances its members' right to participate fully and equally in all aspects of their lives, including by ensuring its blind members can vote on equal footing with every other Texan. Among other efforts, NFB-TX has worked to ensure the blind have an equal opportunity to vote on the same terms as other voters by collaborating with developers of voting technology to ensure accessibility for the blind. NFB-TX has members who reside and are eligible to vote in Bexar County.

19.     Plaintiff the Coalition of Texans with Disabilities is a 501(c)(3) non-profit membership organization comprised of Texans with disabilities and their families and friends. It is the oldest and largest member-driven cross-disability organization in Texas. CTD envisions a future where all Texans with all disabilities may work, live, learn, play, and participate fully in the community. CTD advances its members' right to participate fully and equally in all aspects of their lives, including by ensuring its members can vote on equal footing with every other Texan. Among other efforts, CTD has worked to ensure people with disabilities have an equal opportunity to vote

on the same terms as other voters by collaborating with other disability rights groups in Texas and addressing the issue with state legislators. CTD has members who reside and are eligible to vote in Bexar County.

20.     Plaintiff NFB-TX has many blind members who are registered to vote in Bexar County, are eligible to vote by mail, and wish to vote in upcoming elections by casting a mail-in ballot privately and independently. NFB-TX brings this lawsuit on behalf of itself and on behalf of its members.

21.     Plaintiff CTD represents many individuals with disabilities who have visual impairments who are registered to vote in Bexar County, are eligible to vote by mail, and wish to vote in upcoming elections by casting a mail-in ballot privately and independently. Plaintiff CTD also has many members who have other disabilities that prevent the individual from being able to fill out a paper mail-in ballot independently. CTD brings this lawsuit on behalf of itself and on behalf of its members.

22.     Defendant Jacquelyn F. Callanen is the Bexar County Elections Administrator and is sued in her official capacity only. The Election Administrator is the official in charge of conducting election operations in Bexar County. Among numerous other duties, she is tasked with the administration of the mail-in balloting system in Bexar County, including the electronic ballots provided to military and overseas voters. She may be served with process at 1103 S. Frio St., San Antonio, Texas 78207.

## FACTUAL ALLEGATIONS

**Plaintiff Larry Johnson**

23.     Larry Johnson is a resident of Bexar County.

24.     Mr. Johnson is totally blind and he cannot read print.

25.     Mr. Johnson is a registered voter who has regularly voted in past elections held in Bexar County. He has voted by mail in previous elections, but required an assistant in order to do so, sacrificing his privacy and independence.

26.     Voting independently and privately is important to Mr. Johnson.

27.     Mr. Johnson is unable to vote independently and privately using a mail-in ballot because Bexar County refuses to provide accessible mail-in ballots to voters who cannot use the paper mail-in ballot and require an accessible electronic option.

28.     For the 2020 primary and general elections, Mr. Johnson requested a vote-by-mail ballot but, because it was not accessible, had to ask his granddaughter to drive to his house to help him complete it.

29.     For the March 2022 primary election, Mr. Johnson did not feel comfortable imposing on family to come to his house to help him, so he went to vote in person. This endangered his health, because he has COPD, which places him at high risk from COVID-19 infection. During this in-person voting attempt, an election judge at the polling place refused to help him find the polling booth because she was not trained to do so. Mr. Johnson had to find a neighbor of his to help him.

**Plaintiff Wendy Walker**

30.     Wendy Walker is a resident of Bexar County.

31.     Ms. Walker is totally blind and she cannot read print. She is the president of the San Antonio chapter of NFB-TX.

32.     Ms. Walker is a registered voter who has regularly voted in past elections held in Bexar County.

33.     Voting independently and privately is important to Ms. Walker.

34.     Ms. Walker would like to be able to vote by mail, but is unable to vote independently and privately using a mail-in ballot because Bexar County refuses to provide accessible mail-in ballots to voters who cannot use the paper mail-in ballot and require an accessible electronic option. She would like Bexar County to provide her with an option that is accessible to her.

35.     For the November 2020 election, Ms. Walker knew the ballot-by-mail program was inaccessible, so she arranged for a friend to take her to her polling place to vote in person. Ms. Walker did not want to go to a polling place because she had been careful to stay out of public places in order to avoid contracting COVID. She was very concerned about contracting COVID at the polling place, because she had to wait in a very long line with many other people, had to try to stay socially distanced, and had to touch machines that other people had touched. Once she made it into the polling place, she discovered that there was only one staff person who knew how to use the accessible voting machines, so she had to wait for that person to be free to provide assistance, lengthening her potential exposure to COVID.

**Plaintiff Amelia Pellicciotti**

36.     Amelia Pellicciotti is a resident of Bexar County.

37.     Ms. Pellicciotti is totally blind and she cannot read print.

38.     Ms. Pellicciotti is a registered voter who has regularly voted in past elections held in Bexar County.

39.     Voting independently and privately is important to Ms. Pellicciotti.

40.     Ms. Pellicciotti would like to be able to vote by mail, but is unable to vote independently and privately using a mail-in ballot because Bexar County refuses to provide accessible mail-in ballots to voters who cannot use the paper mail-in ballot and require an

accessible electronic option. She would like Bexar County to provide her with an option that is accessible to her.

41.     Because she knew the ballot-by-mail program was not accessible in November 2020, Ms. Pellicciotti had a friend take her to the polling place for early voting. She was very worried about contracting COVID because vaccines were not yet available to people in her age group and voting required her to touch a voting machine without knowing whether it had been disinfected since the last voter used it. Because she was worried about sharing devices with other people who might have COVID, she brought her own headphones to use with the accessible voting machine. She was unable to maintain social distancing while voting because when she arrived in the polling place, a poll worker grabbed her to lead her to the voting machine. Later, while assisting her to use the accessible machine, a staff member got very close to Ms. Pellicciotti, increasing her concern about contracting COVID even further.

**Use of Accessible Electronic Materials by the Blind**

42.     The blind and people with print disabilities access documents from personal computers or smart devices by using keyboards in conjunction with screen reader software. That screen reader software reads aloud, or displays on a refreshable Braille display, the visual information on the electronic page.

43.     Electronic versions (e.g., Word or html) of print materials accessed through screen reader software provide the only method by which blind persons can independently access printed materials. If electronic documents are designed to interact with screen reader software, blind and print-disabled persons are able to fully access and fill out the information on the documents.

44.     Several screen reader software programs are available, including Job Access With Speech (JAWS), NVDA, and VoiceOver. The Web Content Accessibility Guidelines 2.1, Success

Criteria A and AA provide an international consensus standard for making electronic materials accessible to blind and print disabled people using screen reader software. These guidelines do not depend on the type of screen reader software being used.

**The Mail-in Ballot Process in Texas**

45.     The Texas Election Code provides that voters have the right to vote in secret. Tex. Elec. Code § 62.0115(b)(2).

46.     In Texas, a voter must meet one of the following criteria to be eligible to vote by mail:

- Be 65 years or older;

- Be disabled;

- Be out of the county on Election Day and during the period of early voting by personal appearance; or

- Be confined in jail, but otherwise eligible.

47.     If the voter meets one of these conditions, he or she can apply for a ballot by mail.

48.     The process of voting by mail is inaccessible to blind individuals and other individuals with print disabilities in Bexar County. Mail-in ballots in Bexar County are only provided in paper form.

49.     Once a voter receives the mail-in ballot in the mail, the voter must complete the following steps:

A. Locate the large, outer envelope sent to the voter's address, which contains the ballot, "secrecy" envelope, and "return" envelope;

B. Open the outer envelope and locate the ballot inside;

C. Read the ballot and fill it out by hand;

D. Place the completed ballot inside the "secrecy" envelope;

E. Seal the "secrecy" envelope and place it inside the "return" envelope;

    F.  Sign a declaration on the outside of the "return" envelope affirming that the voter is qualified to use the ballot; and

    G.  Place the return envelope in the mail.

50.    For voters who are blind or have a print disability, there is simply no option for receiving, filling out, or submitting a ballot by mail privately and independently.

**Bexar County's Mail-In Ballot Process Is Inaccessible**

51.    Given the above-described process for filling out paper mail-in ballots, a sighted individual in Bexar County who does not have a disability that prevents him from filling out a ballot, and who qualifies for vote-by-mail voting, may vote independently and privately without having to travel to a polling place on Election Day.

52.    By contrast, blind individuals and individuals with print disabilities in Bexar County cannot vote secretly, independently and privately by mail-in ballot. The process of marking and casting a vote through a mail-in ballot is completely inaccessible.

53.    Blind individuals, including Mr. Johnson, Ms. Pellicciotti, Ms. Walker, and members of NFB-TX and CTD, cannot read the printed text that appears on the paper mail-in ballot, and cannot complete the multi-step process described above without assistance.

54.    Individuals who cannot use their hands or arms and who are unable to fill out a paper ballot by reason of disability, including members of CTD, cannot fill out or complete the multi-step process described above without assistance.

55.    Because Plaintiffs and other Bexar County voters with print disabilities must rely on the assistance of another, they cannot vote secretly, privately and independently using paper mail-in ballots.

56.    Although Plaintiffs could choose to vote in person, Plaintiffs are entitled to equal access as individuals without disabilities to a mail-in ballot to vote privately and independently.

57.     Bexar County must make its vote-by-mail system accessible to voters with disabilities.

**Electronic Ballots Already Exist for Military and Overseas Voters**

58.     A separate absentee[4] voting system applies for Bexar County voters who are active members of the military or who live overseas.

59.     Military and overseas voters may receive and mark their absentee ballots electronically through this system.

60.     Under this system, once the overseas voter receives and marks his or her ballot, that voter must mail or fax a copy of the absentee ballot back to Bexar County election officials in Texas.[5]

61.     Defendant Callanen has testified that the electronic system used in Bexar County for military and overseas voters is accessible and, if extended to voters with print disabilities, would allow them to use screen reader software to read their ballots and allow them to cast an absentee ballot in a more private, independent manner.

62.     The electronic ballot could be sent to Plaintiffs and other Bexar County voters with print disabilities who could then read and complete the ballot on their computer, using screen reader software. An accessible electronic ballot would allow Plaintiffs and others to have equal access to the vote by mail system in Bexar County.

63.     Bexar County has refused to make its existing military and overseas electronic ballot system available to voters with disabilities who require an accessible electronic ballot.

---

[4] Under UOCAVA, the vote-by-mail process is referred to as "absentee" voting.
[5] Upon information and belief, Bexar County has an option for an electronic submittal of a vote-by-mail ballot for military and overseas voters.

**Plaintiffs Sought Relief from Texas Secretary of State**

64.    In July 2020, NFB-TX and CTD filed a lawsuit against the Texas Secretary of State alleging that the Secretary of State was attempting to prevent counties from offering an accessible mail-in ballot solution.

65.    The Secretary of State denied these allegations and denied that she had any authority to prevent counties from offering accessible mail-in ballots.

66.    In December 2020, NFB-TX and CTD voluntarily dismissed the litigation.

67.    Bexar County has an independent obligation under federal law to provide for accessible mail-in ballots.

**Plaintiffs Gave Defendants Notice of the Need for an Accessible Electronic Ballot for People with Print Disabilities**

68.    Defendants have been informed—on many occasions—that its accessible electronic mail-in voting system is required to be available to blind and print-disabled individuals under the ADA and Section 504.

69.    On June 25, 2020, Plaintiff Larry Johnson reached out by telephone to Jacquelyn Callanen, the Elections Administrator for Bexar County. He told her he wanted to vote by mail but needed an electronic option since he was blind and could not use the paper ballot option offered by Bexar County. She told him she thought Bexar County's military and oversees electronic ballot would work as an option for him.

70.    Ms. Callanen sent Mr. Johnson a copy of the electronic ballot Bexar County uses for military and overseas voters and Mr. Johnson found it to be accessible using his screen reader technology.

71.     Larry Johnson was unable to vote by mail privately and independently in the 2020 primary and general elections. He had to rely on a family member to come to his house and complete the ballot for him.

72.     On January 30, 2021, Mr. Johnson sent a letter to Ms. Callanen via United States Postal Service indicating that he still wished to vote by mail for the upcoming San Antonio local elections and needed an accessible electronic ballot. He asked for an accommodation to fill out the ballot in the same manner as voters overseas. He also stated that it was his understanding that the Secretary of State had not formally denied counties from offering this as a solution for blind voters.

73.     On March 5, 2021, Mr. Johnson got a response from Ms. Callanen. She said she would submit the request to the Secretary of State and provide him with a response within the week.

74.     Mr. Johnson did not hear back from Ms. Callanen.

75.     On March 15, 2021, Mr. Johnson sent an email to Ms. Callanen following up on his request. He did not receive a response, so he sent her another email on March 23, 2021. She responded to that email and said she had contacted the Secretary of State and had not heard back.

76.     Ms. Callanen never provided any additional response to Mr. Johnson, despite Bexar County's independent obligation to provide a reasonable accommodation to Mr. Johnson.

77.     On April 5, 2021, Plaintiffs sent a letter to Bexar County requesting that Bexar County make its vote by mail ballot accessible to voters who are blind or have print disabilities.

78.     This letter explained that both the ADA and Section 504 require counties to offer voters with disabilities an opportunity to vote by absentee ballot that is equal to the opportunity offered to voters without disabilities.[6]

---

[6] *See* Ex. 1 at 1 (citing *Nat'l. Fed'n. of the Blind v. Lamone*, 813 F.3d 494 (4th Cir. 2016)).

79.     The letter further explained that the U.S. Constitution's Supremacy Clause requires state law to defer to federal law to ensure their absentee and mail-in ballot processes are non-discriminatory and comply with federal law.[7] Accordingly, Defendants cannot sit idly by when they could immediately modify the vote-by-mail ballot process to prevent discrimination against voters with disabilities in the upcoming elections.

80.     Plaintiffs requested a response to the letter by April 21, 2021.

81.     Defendant Callanen never responded to Plaintiffs' letter.

82.     On August 6, 2021, Plaintiffs sent another demand letter to Bexar County, along with a draft of this complaint. Plaintiffs again requested that Bexar County discuss ways to accommodate Plaintiffs so that they can vote by mail in an independent and private manner. Bexar County never responded to Plaintiffs' subsequent attempt at outreach.

83.     Senate Bill 1 became effective December 1, 2021. Senate Bill 1 made far-reaching changes to the Texas Election Code. This lawsuit does not challenge any change made in Senate Bill 1. However, Senate Bill 1 included the addition of § 1.022 which states, "A provision of this code may not be interpreted to prohibit or limit the right of a qualified individual with a disability from requesting a reasonable accommodation or modification to any election standard, practice, or procedure mandated by law or rule that the individual is entitled to request under federal or state law." Tex. Elec. Code § 1.022. This section is a restatement of federal law and affirms a voter's right to make a request for a reasonable accommodation. While Tex. Elec. Code § 1.022 does not address the systemic barriers of Senate Bill 1, it does affirm Plaintiffs' right to seek an accessible mail in ballot as an accommodation as they have done in the instant lawsuit.

---

[7] *See* Ex. 1 at 2 (citing *Lamone*, 813 F.3d at 508; *Hindel v. Husted*, 875 F.3d 344, 349 (6th Cir. 2017)).

84.     Despite these efforts, Defendants will not make the County's elections fully accessible to individuals with print disabilities, including Plaintiffs, who wish to exercise their right to vote by mail.

## COUNT I

**Violation of Title II of the Americans with Disabilities Act 42 U.S.C. § 12131–12134**

85.     Plaintiffs incorporate the allegations in the preceding paragraphs, as if alleged herein.

86.     Title II of the ADA guarantees qualified individuals with disabilities an equal opportunity to access the benefits of the services, programs, or activities of a public entity. 42 U.S.C. § 12132.

87.     Title II mandates that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." *Id.*

88.     In providing aids, benefits, or services, public entities may not "[a]fford a qualified individual with a disability an opportunity to participate in or benefit from the aid, benefit, or service that is not equal to that afforded others," nor may public entities provide qualified individuals with disabilities "an aid, benefit, or service that is not as effective in affording equal opportunity" to gain the same result or benefit as provided to others. 28 C.F.R. § 35.130(b)(1)(ii)-(iii).

89.     Public entities must make reasonable modifications to their policies, practices, and procedures when necessary to avoid discrimination against individuals with disabilities. *Id.* § 35.130(b)(7)(i).

90.     Furthermore, public entities "shall take appropriate steps to ensure that communications with applicants, participants, members of the public, and companions with disabilities are as effective as communications with others," and "shall furnish appropriate auxiliary aids and services where necessary to afford individuals with disabilities, including applicants, participants, companions, and members of the public, an equal opportunity to participate in, and enjoy the benefits of, a service, program, or activity of a public entity." *Id.* § 35.160.

91.     To be effective, "auxiliary aids and services must be provided in . . . such a way as to protect the privacy and independence of the individual with a disability." *Id.* § 35.160(b)(2).

92.     Auxiliary aids and services include "screen reader software; magnification software; optical readers; … accessible electronic and information technology; or other effective methods of making visually delivered materials available to individuals who are blind or have low vision." *Id.* § 35.104.

93.     Because they are blind, Larry Johnson, Amelia Pellicciotti, Wendy Walker, and NFB-TX members are substantially limited in seeing, and are individuals with disabilities protected by the ADA. *See* 42 U.S.C. § 12102; 28 C.F.R. § 35.108.

94.     Because they are substantially limited in at least one major life activity—including performing manual tasks, and other things—other CTD members are individuals with disabilities protected by the ADA. *Id.*

95.     Plaintiffs, NFB-TX members, and other CTD members are qualified because they are registered to vote in Texas, are eligible for vote-by-mail voting, and intend to vote in upcoming elections. Plaintiffs, NFB-TX members, and other CTD members are qualified to receive voting

services from Defendants and are entitled to the protections afforded under the ADA. *See* 42 U.S.C. § 12131(2).

96.     Defendant Bexar County is a public entity subject to Title II of the ADA. *See* 42 U.S.C. § 12131(1).

97.     Voting by mail is a service, program, or activity provided by Defendants.

98.     Defendants' mail-in voting process discriminates against Plaintiffs and other voters with disabilities because these individuals cannot vote secretly, privately, and independently, but other voters without disabilities can and, in fact, Texas law requires that all voters be afforded that right.

99.     Defendants have failed to provide Plaintiffs and other voters with disabilities with an opportunity to vote by mail-in ballot that is equal to the opportunity provided to other voters that do not have disabilities.

100.    Defendants could make reasonable modifications to the vote-by-mail ballot voting process by offering accessible mail-in ballots to Plaintiffs and other voters with disabilities.

101.    Defendants have failed to provide Plaintiffs and other voters with disabilities auxiliary aids and services, such as accessible format electronic ballots, necessary to afford them effective communication in the mail-in voting process.

102.    Defendants have excluded and continue to exclude Plaintiffs and other voters with print disabilities from participation in, and denied them the benefits of, or otherwise discriminated against them in, the service, program, or activity of voting by mail-in ballot.

103.    Accessible mail-in ballot systems are readily available, and such systems would allow independent, private mail-in voting for people who are unable to fill out a paper mail-in ballot by reason of disability.

104.     As a result of Defendants' actions and inactions, Plaintiffs and their members have suffered and will continue to suffer irreparable harm. They have suffered and continue to suffer from discrimination and unequal access to Defendants' mail-in voting program. And in the absence of injunctive relief, Plaintiffs and those similarly situated will be denied their right to vote by absentee or mail-in ballot privately and independently.

105.     Defendants' failure to meet their obligations to provide voters with disabilities with an equal opportunity to vote by mail-in ballot are ongoing violations of the ADA and its implementing regulations. Unless restrained from doing so, Defendants will continue to violate the ADA and to inflict irreparable injuries for which Plaintiffs have no adequate remedy at law.

106.     The ADA authorizes injunctive relief and Plaintiffs are entitled to injunctive relief, as well as reasonable attorneys' fees and costs.

107.     As a result of Defendants' actions and inactions, Plaintiffs Johnson, Pellicciotti, and Walker have suffered damages, including discrimination, inconvenience, loss of privacy and independence, exposure of private information to third parties, and emotional distress.

108.     Defendants' actions and inactions were intentional within the meaning of Title II of the ADA and the ADA authorizes compensatory damages for such discrimination. Plaintiffs Johnson, Pellicciotti, and Walker are entitled to damages and reasonable attorneys' fees and costs.

## COUNT II

**Violation of Section 504 of the Rehabilitation Act of 1973 29 U.S.C. § 794, *et seq.***

109.     Plaintiffs incorporate the allegations in the preceding paragraphs, as if alleged herein.

110.     Plaintiffs Johnson, Pellicciotti, Walker and NFB-TX members, and CTD members are individuals with disabilities who are registered and eligible to vote by mail and, thus, are protected by Section 504.

111.     Bexar County receives federal financial assistance and thus is subject to Section 504. 29 U.S.C. § 794.

112.     Section 504 mandates that "[n]o otherwise qualified individual with a disability … shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance." *Id.* § 794(a).

113.     Section 504 defines "program or activity" to include "all of the operations of a department, agency, special purpose district, or other instrumentality of a State or of a local government" or "the entity of such State or local government that distributes such assistance and each such department or agency (and each other State or local government entity) to which the assistance is extended, in the case of assistance to a State or local government[.]" *Id.* § 794(b)(1).

114.     Such federally funded entities may not, in providing aids, benefits, or services, "[d]eny a qualified handicapped person the opportunity accorded others to participate in the program or activity receiving Federal financial assistance." 28 C.F.R. § 42.503(b)(1)(i).

115.     Such federally funded entities must also "insure that communications with their … beneficiaries are effectively conveyed to those having impaired vision and hearing," *id.* § 42.503(e), and, if the entity has 15 or more employees, must "provide appropriate auxiliary aids to qualified handicapped persons with impaired sensory, manual, or speaking skills where a refusal to make such provision would discriminatorily impair or exclude the participation of such persons in a program or activity receiving Federal financial assistance," *Id.* § 42.503(f).

116.    Defendant Bexar County is a local government that has more than 15 employees and receives federal financial assistance, and thereby is subject to the requirements of Section 504.

117.    Vote-by-mail voting is a service, program, or activity provided by Defendants.

118.    Plaintiffs are people with disabilities under Section 504.

119.    Plaintiffs are registered to vote in Texas and are eligible to vote by mail and are thus qualified individuals with disabilities entitled to the protections of Section 504.

120.    Defendants have failed and continue to fail to meet their obligations to provide voters with disabilities an opportunity to vote that is equal to the opportunity provided to other voters.

121.    In denying use of an accessible vote-by-mail ballot system, Defendants refuse to provide an auxiliary aid or service that would allow Plaintiffs equal access to vote.

122.    Accessible mail-in ballot systems are readily available, and such systems would allow independent, private mail-in voting for people who are unable to fill out a paper mail-in ballot by reason of disability.

123.    Accordingly, Defendants have discriminated and continue to discriminate against Plaintiffs in mail-in voting.

124.    As a result of Defendants' actions, Plaintiffs have suffered and will continue to suffer irreparable harm; they have suffered and continue to suffer from discrimination and unequal access to Defendants' program, service, or activity of voting by mail-in ballot.

125.    In the absence of injunctive relief, Defendants will continue to deny Plaintiffs their right to vote privately and independently by mail-in or absentee ballot in future elections.

126.    Unless the requested relief is granted, Plaintiffs will suffer irreparable harm in that they will be discriminated against and denied equal access to the fundamental right to vote.

127.    Plaintiffs are entitled to injunctive relief, as well as reasonable attorneys' fees and costs.

128.    As a result of Defendants' actions and inactions, Plaintiffs Johnson, Pellicciotti, and Walker have suffered damages, including discrimination, inconvenience, loss of privacy and independence, exposure of private information to third parties, and emotional distress.

129.    Defendants' actions and inactions were intentional within the meaning of Section 504 and Section 504 authorizes compensatory damages for such discrimination. Plaintiffs Johnson, Pellicciotti, and Walker are entitled to damages and reasonable attorneys' fees and costs.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs request that this Court enter judgment in their favor and award them the following relief:

130.    A preliminary and permanent injunction prohibiting Defendants from violating the ADA and Section 504, requiring Defendants to remedy the mail-in voting system by implementing an accessible electronic vote-by-mail system for Plaintiffs and those similarly situated for all future elections;

131.    A declaration that Defendants have and continue to violate the ADA and Section 504;

132.    An award of damages to Plaintiffs Johnson, Walker, and Pellicciotti in an amount to be determined by a jury for the violation of their right to vote secretly, privately, and independently;

133.    An award of Plaintiffs' reasonable attorney's fees, litigation expenses, and costs; and

134.    Such other and further relief as the Court may deem just and proper.

Respectfully submitted,

LIA SIFUENTES DAVIS
Texas State Bar No. 24071411
DISABILITY RIGHTS TEXAS
2222 West Braker Lane
Austin, Texas 78758-1024
(512) 454-4816 (phone)
(512) 454-3999 (fax)
Email: ldavis@drtx.org

EVE L. HILL*
LAUREN KELLEHER*
Brown Goldstein & Levy
120 E. Baltimore St., Ste. 1700
Baltimore, MD 21202
(410) 962-1030 (phone)
(410) 385-0869 (fax)
Email: ehill@browngold.com
Email: lkelleher@browngold.com

/s/ *Michael T. Murphy*
MICHAEL T. MURPHY
Texas State Bar No. 24051098
KATHERINE A. PRESTON*
Texas State Bar No. 24088255
JASON P. RUDLOFF*
Texas State Bar No. 24098356
WILLIAM M. LOGAN*
Texas State Bar No. 24106214
Winston & Strawn LLP
800 Capitol Street, Suite 2400
Houston, Texas 77002
(713) 651-2600
(713) 651-2700
Email: mtmurphy@winston.com
Email: kpreston@winston.com
Email: jrudloff@winston.com
Email: wlogan@winston.com

*Counsel for Plaintiffs*

*Motions for Admission or Motions to Participate *Pro Hac Vice* will be filed after case opening.