IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| Larry Johnson, Wendy Walker, Amelia Pellicciotti, National Federation of the Blind Texas and The Coalition of Texans with Disabilities<br>　　　　Plaintiffs<br><br>v.<br><br>Jacquelyn F. Callanen, in her Official Capacity as the Bexar County Elections Administrator, and Bexar County, Texas<br>　　　　Defendants. | §§§§§§§§§§§§§§§§§§<br><br>CIVIL ACTION NO. 5:22-cv-409 |

# DEFENDANTS' MOTION TO DISMISS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)

NOW COMES Defendant Bexar County, Texas and Jacquelyn F. Callanen, in her official capacity as the Bexar County Elections Administrator, to file this Motion to Dismiss for failure to state a claim for which relief can granted. Defendants show the Court as follows:

## A. BACKGROUD

1. Plaintiffs, who are blind or visually impaired, bring suit to require Bexar County to provide to them electronic ballets to vote.

2. However, Plaintiffs provide no authority for this request other than the Americans with Disabilities Act.

**B. STANDARDS**

3. The sufficiency of a pleading to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6) is evaluated under the two-step process outlined by the Supreme Court in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). First, the Court must identify the Complaint's factual allegations, which are assumed to be true, and distinguish them from any statements of legal conclusion, which are not entitled to the assumption of truth. *Iqbal*, 556 U.S. at 678, 680-81. Second, the Court must assess whether the assumed-as-true factual allegations set forth a plausible claim to relief. This is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense" to determine whether "the well-pleaded facts . . . permit the court to infer more than the mere possibility of misconduct[.]" *Iqbal*, 556 U.S. at 679. Ultimately, the claim is subject to dismissal if it lacks "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

**MOTION TO DISMISS**

    **A. Electronic Voting**

4. Plaintiffs pray that this Court require Defendants to remedy the mail-in voting system by implementing an accessible electronic vote-by-mail for Plaintiffs and those similarly situated for all future elections.   However, there is no legal authority under Texas Election law for Defendants to mail ballots by electronic means to the Plaintiffs.

5. Chapter 84 (Application for Ballot by Mail) and Chapter 86 (Conduct of Voting by Mail) of the Texas Election Code addresses the issues on mail in ballots. There is no reference to sending ballots electronically in these chapters.

6. The section that discusses the sole authority in Texas to send ballots electronically is subchapter C of chapter 101 of the Texas Election Code. These are requirements that come from federal law and only apply to an applicant who applies to vote with a Federal Postcard Application (FPCA). The only persons who are eligible to vote via an FPCA are person who are active military and "overseas" (which is defined as anywhere not the United States of America).

7. Plaintiffs are not eligible to vote by a ballot sent electronically.

## B. ADA ACCOMODATION

8. Plaintiffs acknowledge that accommodations have been made for their voting, in accordance with the laws of the State of Texas. See Tex. Election Code §61.012[1]. There is nothing in their prayer that indicates that these requirements have not been met.

9. Instead, Plaintiffs do not like the practical and effective accommodation made by law but instead seek a different accommodation. The accommodation they request would require the Defendants to ignore the elections laws of Texas and place Plaintiff's vote in jeopardy.

10. This Court can take judicial notice of the multiple lawsuits currently pending in the Federal Courts involving the interpretation of the Texas Election laws. There can be little doubt that any change from the current laws and any change not specifically provided for in the Texas election law will be contested. Such a contest will place the Plaintiff's vote in jeopardy.

---

[1] Sec. 61.012.  ACCESS BY PERSONS WITH DISABILITIES.
(a) Except as provided by Section 61.013, each polling place must provide at least one voting station that:
    (1) complies with:
        (A)  Section 504 of the federal Rehabilitation Act of 1973 (29 U.S.C. Section 794) and its subsequent amendments;
        (B)  Title II of the federal Americans with Disabilities Act (42 U.S.C. Section 12131 et seq.) and its subsequent amendments; and
        (C)  the requirements for accessibility under 42 U.S.C. Section 15481(a)(3) and its subsequent amendments; and
    (2)  provides a practical and effective means for voters with physical disabilities to cast a secret ballot.
(b) Repealed by Acts 2007, 80th Leg., R.S., Ch. 1182, Sec. 4, eff. June 15, 2007.

11. Requiring the Bexar County Defendants to accommodate the Plaintiffs by ignoring the election laws of the State of Texas is not a reasonable accommodation.

THEREFORE, FOR THE REASONS STATED ABOVE, Bexar County, Texas and Ms. Jacquelyn F. Callanen, in her official capacity as Bexar County Elections Administrator, pray that Plaintiff's Complaint be dismissed and for such other relief to which they show themselves entitled, whether at law or equity.

Respectfully submitted,
JOE D. GONZALES
Criminal District Attorney
Bexar County, Texas

BY:\s\ *Susan A. Bowen*
SUSAN A. BOWEN
State Bar No. 02725950
Assistant Criminal District
 Attorney - Civil Division
101 W. Nueva  4th Floor

San Antonio, Texas 78205
Telephone No.: (210) 335-2147
TeleFax No.: (210) 335-2773
sbowen@bexar.org

## **CERTIFICATE OF ELECTRONIC FILING AND SERVICE**

I do hereby certify on the 19th day of May, 2020, I electronically filed the foregoing with the Clerk of the Court using the CM-ECF system which will send notification of such filing to the Plaintiff:

Lia Sifuentes
Disability Rights Texas


Michael Murphy
Winston & Strawn LLP