IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| LARRY JOHNSON, WENDY WALKER, AMELIA PELLICCIOTTI, NATIONAL FEDERATION OF THE BLIND OF TEXAS, THE COALITION OF TEXANS WITH DISABILITIES,<br>*Plaintiffs*,<br><br>v.<br><br>JACQUELYN F. CALLANEN, IN HER OFFICIAL CAPACITY AS THE BEXAR COUNTY ELECTIONS ADMINISTRATOR, BEXAR COUNTY, TEXAS,<br>*Defendants*. | § § § § § § § § § § § § § § § § § § | SA-22-CV-00409-XR |

## **ORDER**

On this date, the Court considered Plaintiffs' Motion for Preliminary Injunction (ECF No. 3) and Plaintiffs' Motion for Leave to File Supplemental Briefing (ECF No. 21). After careful consideration, the Court issues the following order.

## BACKGROUND

Texas conducts elections in its 254 counties, including Bexar County, pursuant to the Texas Election Code (the "Election Code"). Under the Election Code, an individual is eligible to vote in Texas if they are a "qualified voter." TEX. ELEC. CODE § 11.001(a)(1). The Election Code defines a qualified voter as a person who is eighteen years of age or older, a United States citizen, a Texas resident, and a registered voter. *Id.* § 11.002(a). To be qualified, a voter also cannot have been mentally incapacitated or convicted of a felony unless they have a fully discharged sentence or have been pardoned. *Id.* The Election Code further establishes that a qualified voter has the right to "vote in secret and free from intimidation[.]" *Id.* § 62.0115(b)(2). It also permits certain eligible

1

voters to vote by mail, including those who have a physical condition that prevents them from appearing at a polling place on an election day without a likelihood of needing personal assistance or of injuring their health. *Id.* § 82.002(a)(1).

To vote by mail in Bexar County, an eligible voter must complete and submit a paper ballot. ECF No. 3 at 8.[1] Upon receiving a paper ballot by mail, the eligible voter must be able to read the "paper ballot in standard print, physically mark the ballot choices, and fill in and sign the statement printed on the back of the envelope." *Id.* at 9.

Pursuant to federal law, Bexar County offers an electronic alternative to vote by mail for its active military member and overseas eligible voters. ECF No. 3-1, Ex. A ("Callanen Decl.") ¶¶ 3–4.[2] To avail themselves of this alternative, an active military or overseas individual must first complete an application to vote by mail called the Federal Post Card Application ("FPCA"), a form created by federal law to permit active military member and overseas voters to vote by mail.[3] The active military or overseas individual must indicate in their FPCA whether they would like to receive their ballot and voting materials by mail, common or contract carrier, or email.[4] They must also sign and date the FPCA before returning it to the Bexar County Elections Department (the "Elections Department") by mail, common or contract carrier, in-person delivery, fax, or email.[5]

---

[1] When citing to the parties' filings, the Court refers to paragraph numbers and ECF pagination.

[2] In their motion for a preliminary injunction, Plaintiffs attach a declaration signed under penalty of perjury by Defendant Jacquelyn F. Callanen, in her official capacity as the Elections Administrator for Defendant Bexar County. The declaration was originally filed in *Semien v. Hughs*, No. 1:20-CV-789-LY (W.D. Tex. 2020).

[3] *See* Bexar County Elections Department, *Military/Overseas Voters*, https://elections.bexar.org/1696/MilitaryOverseas-Voters (last visited July 6, 2022); *see also* Department of Defense, *Federal Voting Assistance Program—Texas*, https://www.fvap.gov/guide/chapter2/texas#election-offices (last visited July 6, 2022). The Court may take judicial notice of governmental websites. *Coleman v. Dretke*, 409 F.3d 665, 667 (5th Cir. 2005) (per curiam).

[4] *See* Texas Secretary of State, *Military & Overseas Voters*, https://www.votetexas.gov/voting-by-mail/military-and-overseas-voters.html (last visited July 6, 2022); *see also* Department of Defense, *supra* note 3.

[5] *See* Texas Secretary of State, *supra* note 4. If the active military or overseas individual submits their FPCA by fax, they must nonetheless return their original FPCA by mail. *See id.*

If the Elections Department determines that the active military or overseas individual is eligible to vote by mail, it sends the ballot as requested in their FPCA.[6] The active military member or overseas eligible voter must then return their ballot by mail, or common or contract courier.[7]

On April 27, 2022, three visually impaired individuals and two non-profit organizations comprising visually impaired and otherwise disabled Texans—all of whom are eligible and want to vote by mail in secret and free from intimidation—filed this action against Defendant Jacquelyn F. Callanen, in her official capacity as the Bexar County Elections Administrator, and Defendant Bexar County, Texas (together, "Defendants"). ECF No. 1.

The three individual plaintiffs are Larry Johnson, Wendy Walker, and Amelia Pellicciotti, each of whom is legally blind, resides in San Antonio, Texas, and is registered to vote in Bexar County. ECF No. 3-1, Ex. B ("Johnson Decl.") ¶¶ 1–2, 7; ECF No. 3-1, Ex. C ("Walker Decl.") ¶¶ 1–2, 5; ECF No. 3-1, Ex. D ("Pellicciotti Decl.") ¶¶ 1–2, 5.

The two organizational plaintiffs are the National Federation of the Blind of Texas ("NFB-TX") and the Coalition of Texans with Disabilities ("CTD"). ECF No. 1 ¶¶ 18–19. NFB-TX "has approximately 500 members in Texas, including many blind and print-disabled members who are registered to vote in Bexar County, eligible to vote by mail, and who wish to vote in upcoming elections by independently casting a private mail-in ballot." ECF No. 3-1, Ex. E ("Crosby Decl.") ¶ 4. CTD "has more than 3,500 individual members in Texas and 208 affiliate organizational members, including many blind and print-disabled members who are registered to vote in Bexar County, are eligible to vote by mail, and wish to vote in upcoming elections by independently casting a private mail-in ballot." ECF No. 3-1, Ex. F ("Bearden Decl.") ¶ 3. Ms. Walker is the

---

[6] *See* Texas Secretary of State, *supra* note 4; *see also* Bexar County Elections Department, *supra* note 3.

[7] *See* Texas Secretary of State, *supra* note 4. At oral argument, Defendants' counsel stated that the mail-in ballot, even if sent by email, must be printed, completed, and signed with a wet signature.

President of NFB-TX's San Antonio Chapter. Walker Decl. ¶ 3. Ms. Pellicciotti is a member of NFB-TX. Pellicciotti Decl. ¶ 3. Mr. Johnson is a founder of CTD. Johnson Decl. ¶ 3.

Plaintiffs allege that they and their members are unable to vote by mail in secret and free from intimidation. ECF No. 1 ¶¶ 1, 4, 9, 50, 52–55. They claim that, since Defendants provide mail-in ballots to eligible voters in paper form only, voting by mail in Bexar County is "inaccessible to blind or low-vision voters and other voters with disabilities that prevent them from marking a paper ballot." *Id.* ¶ 1. Mr. Johnson, Ms. Walker, and Ms. Pellicciotti, for instance, "cannot read the printed text that appears on the paper mail-in ballot" on their own. *Id.* ¶ 53. "Individuals who cannot use their hands or arms and who are unable to fill out a paper ballot by reason of disability" also cannot complete and submit a paper mail-in ballot on their own.[8] *Id.* ¶ 54. Although they might be able to vote in person, Plaintiffs allege that they "are entitled to equal access as individuals without disabilities to a mail-in ballot to vote privately and independently." *Id.* ¶ 56. They have therefore filed suit against Ms. Callanen and Bexar County under Title II of the American with Disabilities Act ("ADA") and § 504 of the Rehabilitation Act.[9] *Id.* ¶¶ 85–129.

---

[8] Plaintiffs refer to this group of individuals as voters with print disabilities who possess "impaired manual dexterity." ECF No. 3 at 7; *see also* ECF No. 1 ¶ 4 n.2.

[9] Plaintiffs allege that Ms. Callanen "is tasked with the administration of the mail-in balloting system in Bexar County[.]" ECF No. 1 ¶ 22. They also submit that "Bexar County has an independent obligation under federal law to provide for accessible mail-in ballots." *Id.* ¶ 67.

Plaintiffs' assertions stem from a prior case that NFB-TX and CTD initiated on behalf of visually impaired and otherwise disabled voters who could not complete and submit a paper mail-in ballot on their own in Texas. Specifically, on July 24, 2020, NFB-TX, CTD, and three individuals filed suit against Ruth Hughs, in her then-official capacity as the Texas Secretary of State (the "Secretary"), in the Austin Division of the Western District of Texas. *See* Compl., *Semien*, No. 1:20-CV-0789-LY (W.D. Tex. July 24, 2020), ECF No. 1.

In *Semien*, the plaintiffs alleged that the Secretary "refuse[d] to allow county election officials to provide accessible electronic ballots to individuals with vision and print disabilities." *Id.* ¶ 9. The plaintiffs also filed a motion for a preliminary injunction, seeking an order that would require the Secretary to "immediately allow counties to implement a ballot-by-mail voting system that [was] accessible to individuals with print disabilities, and that [could] be completed independently and privately in order to bring their conduct into compliance with federal law." Mot. for Prelim. Inj., *Semien*, No. 1:20-CV-0789-LY, ECF No. 6 at 23. The Secretary responded by filing a motion to dismiss. Mot. to Dismiss, *Semien*, No. 1:20-CV-0789-LY, ECF No. 19. Therein, the Secretary argued, *inter alia*, that sovereign immunity barred the plaintiffs' claims against her because she lacked the authority to enforce the challenged

4

Defendants were aware of the difficulties that Plaintiffs and their members have experienced when attempting to vote by mail privately and independently. On June 25, 2020, Mr. Johnson called Ms. Callanen and informed her that he wanted to vote by mail, but that he needed an electronic system to do so because he is blind and, as a result, cannot complete the paper mail-in ballot on his own. Johnson Decl. ¶ 15; *see also* ECF No. 1 ¶ 69. In response, Ms. Callanen told Mr. Johnson that the electronic system Bexar County provides for its active military member and overseas eligible voters might be a suitable alternative. Johnson Decl. ¶ 15. Ms. Callanen sent Mr. Johnson a copy of an electronic ballot, which Mr. Johnson found to be accessible. *Id.* ¶ 16.

On January 30, 2021, Mr. Johnson mailed a letter to Ms. Callanen, informing her that he wished to vote by mail in the upcoming local election. *Id.* ¶ 17; *see also* ECF No. 1 ¶ 72. In his letter, Mr. Johnson once again explained that he needed an accessible electronic ballot because of his visual impairment. ECF No. 1 ¶ 72. Specifically, he "asked for an accommodation to fill out the ballot in the same manner as voters overseas." *Id.* On March 5, 2021, Ms. Callanen responded to Mr. Johnson's letter, stating that she would submit his request to the Texas Secretary of State (the "Secretary") and provide a response within a week. *Id.* ¶ 73. Ms. Callanen, however, did not respond within the indicated timeframe. *Id.* ¶ 74.

Thus, on March 15, 2021, Mr. Johnson sent Ms. Callanen an email, following up on his request. *Id.* ¶ 75. Ms. Callanen again did not respond to his email, so Mr. Johnson sent her a second

---

provisions. *Id.* at 8. Local election officials, the Secretary urged, "administer Texas elections in general and voting by mail in particular[,]" not her. *Id.* at 11. In her response to the plaintiffs' motion for a preliminary injunction, the Secretary again asserted that "Bexar County has an independent obligation to follow the Texas Election Code." Resp., *Semien*, No. 1:20-CV-0789-LY, ECF No. 26 at 5 (citations omitted). She made clear that Bexar County would "not send such ballots unless ordered to do so by the Court." *Id.*

On December 23, 2020, before the district court ruled on the Secretary's motion to dismiss and the plaintiffs' motion for a preliminary injunction, the plaintiffs filed a notice of voluntary dismissal. Notice of Dismissal, *Semien*, No. 1:20-CV-0789-LY, ECF No. 32.

email on March 23, 2021. *Id.* This time, Ms. Callanen responded and stated that she had not received a response from the Secretary. *Id.*; *see also* Johnson Decl. ¶ 17.

On April 5, 2021, Disability Rights Texas sent a demand letter to Bexar County on behalf of NFB-TX, CTD, and Mr. Johnson. *Id.* ¶ 77. The demand letter asserted that the "current vote-by-mail system in Bexar County does not allow voters with disabilities, including the blind, to cast a private ballot." ECF No. 1-2 at 2. The letter also stated that "the current vote-by mail process . . . discriminates against voters with disabilities" in violation of Title II of the ADA and § 504 of the Rehabilitation Act. *Id.* Although the letter requested a response no later than April 21, 2021, no response followed. ECF No. 1 ¶¶ 80–81. A second demand letter was sent on August 6, 2021, but again, Bexar County did not respond. *Id.* ¶ 82. Plaintiffs, therefore, initiated this action.

Concurrently with their complaint, Plaintiffs filed a motion for a preliminary injunction. ECF No. 3. Defendants filed a response, ECF No. 16, and Plaintiffs filed a reply, ECF No. 17. On June 15, 2022, the Court heard argument on Plaintiffs' request for injunctive relief.[10] Plaintiffs requested leave to file supplemental briefing in support of their motion for a preliminary injunction on June 23, 2022. ECF No. 21.

## DISCUSSION

### I. Legal Standard

To secure a preliminary injunction, the movants must demonstrate by a clear showing: (1) a substantial likelihood of success on the merits; (2) a substantial threat of irreparable harm if the injunction is not granted; (3) that the threatened injury outweighs any harm that may result from

---

[10] The Court also heard argument on Defendants' motion to dismiss. ECF No. 13. On June 21, 2022, the Court granted in part and denied in part Defendants' motion, finding that Plaintiffs stated a claim upon which relief may be granted under Title II of the ADA, but did not do so under § 504 of the Rehabilitation Act. ECF No. 20. The Court permitted Plaintiffs to file an amended complaint if they could allege, in good faith, sufficient facts to state a plausible claim under § 504 of the Rehabilitation Act. *Id.* at 15. To date, Plaintiffs have not done so.

the injunction to the non-movants; and (4) that the injunction will not undermine the public interest. *Valley v. Rapides Par. Sch. Bd.*, 118 F.3d 1047, 1051 (5th Cir. 1997). The Court looks to substantive law to determine the movants' likelihood of success on the merits. *Miss. Power & Light Co. v. United Gas Pipe Line Co.*, 760 F.2d 618, 622 (5th Cir. 1985).

**II.   Analysis**

Title II of the ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. The ADA defines the term "disability" as "a physical or mental impairment that substantially limits one or more major life activities[.]" *Id.* § 12102(1)(A). A physical or mental impairment includes visual impairments. 28 C.F.R. § 35.108(b)(2). According to federal regulations, "seeing" is a major life activity under the ADA. *Id.* § 35.108(c)(1)(i). Further, Title II "defines 'public entities' to include local governments." *Cadena v. El Paso County*, 946 F.3d 717, 723 (5th Cir. 2020) (citing 42 U.S.C. § 12131(1)(A)).

The parties do not dispute that Mr. Johnson, Ms. Walker, Ms. Pellicciotti, and many of NFB-TX's and CTD's members are visually impaired in a manner that substantially limits one or major life activities. Johnson Decl. ¶¶ 2, 5; Walker Decl. ¶ 2; Pellicciotti Decl. ¶ 2; Crosby Decl. ¶¶ 4–5; Bearden Decl. ¶ 3. Plaintiffs and their members, therefore, are disabled as defined by the ADA. They have also filed this suit against Bexar County and Ms. Callanen, in her official capacity as the Elections Administrator of Bexar County. *See* ECF No. 1 ¶¶ 12, 22, 67, 96. Thus, Plaintiffs have properly invoked Title II of the ADA against a public entity.

The Court now considers whether Plaintiffs have stated a *prima facie* case of discrimination under Title II of the ADA. To do so, Plaintiffs must show:

> (1) that [they are] a qualified individual within the meaning of the ADA; (2) that [they are] being excluded from participation in, or being denied benefits of, services, programs, or activities for which the public entity is responsible, or [are] otherwise being discriminated against by the public entity; and (3) that such exclusion, denial of benefits, or discrimination is by reason of [their] disability.

*Melton v. Dall. Area Rapid Transit*, 391 F.3d 669, 671–72 (5th Cir. 2004) (citing *Lightbourn v. County of El Paso*, 118 F.3d 421, 428 (5th Cir. 1997)). "A public entity's failure to make a reasonable modification may satisfy the second and third prongs of the prima facia case." *Block v. Tex. Bd. of Law Exam'rs*, 952 F.3d 613, 618 (5th Cir. 2020).

As to the first element, a qualified individual within the meaning of Title II of the ADA is a disabled individual "who, with or without reasonable modifications to rules, policies, or practices, the removal of architectural, communication, or transportation barriers, or the provision of auxiliary aids and services, meets the essential eligibility requirements for the receipt of services or the participation in programs or activities provided by a public entity." 42 U.S.C. § 12131(2). Mr. Johnson, Ms. Walker, Ms. Pellicciotti, as well as NFB-TX's and CTD's members, are qualified to vote under Texas law and have voted in past elections. Johnson Decl. ¶¶ 7, 18; Walker Decl. ¶¶ 5, 6–11; Pellicciotti Decl. ¶¶ 5–13; Crosby Decl. ¶¶ 4, 16–17; Bearden Decl. ¶¶ 3, 10. Plaintiffs and their members are also eligible to vote by mail in Texas and want to avail themselves of the opportunity to do so in upcoming elections. Johnson Decl. ¶¶ 5, 7; Walker Decl. ¶ 5; Pellicciotti Decl. ¶ 5; Crosby Decl. ¶¶ 4, 16; Bearden Decl. ¶ 3. Plaintiffs and their members, therefore, are qualified individuals within the meaning of Title II of the ADA.

With respect to second and third elements, the Election Code guarantees a qualified voter the right to "vote in secret and free from intimidation[.]" TEX. ELEC. CODE § 62.0115(b)(2). It further provides that an eligible voter who has a physical condition that prevents them from

8

appearing at a polling place on an election day without a likelihood of needing personal assistance or of injuring their health has a right to vote by mail. *Id.* § 82.002(a)(1). Together, these provisions establish that voting by mail in secret and free from intimidation is a benefit—if not an actual, service, program, or activity—of voting that Texas law guarantees for all qualified voters.[11] *See Nat'l Fed'n of the Blind v. Lamone*, 813 F.3d 494, 506 (4th Cir. 2016) ("This case does not turn on whether there is a standalone right to vote privately and independently without assistance. Plaintiffs' argument is that defendants have provided such a benefit to non-disabled voters while denying that same benefit to plaintiffs on the basis of their disability."); *see also Merrill v. People First of Ala.*, 141 S. Ct. 25, 27 (2020) (Sotomayor, J., dissenting) ("Absentee and in-person voting are different benefits, and voters with disabilities are entitled to equal access to both."); *Alexander v. Choate*, 469 U.S. 287, 301 (1985) ("The benefit itself, of course, cannot be defined in a way that effectively denies otherwise qualified handicapped individuals the meaningful access to which they are entitled; to assure meaningful access, reasonable accommodations in the grantee's program or benefit may have to be made.").

---

[11] The allegations in Plaintiffs' complaint indicate, at times, that Plaintiffs' theory of their case is that voting by mail is itself a service, program, or activity under the ADA. They allege, for example, that "[v]oting by mail is a service, program, or activity provided by Defendants." ECF No. 1 ¶ 97. They further claim that "Defendants have excluded and continue to exclude Plaintiffs and other voters with print disabilities from participation in, and denied them the benefits of, or otherwise discriminated against them in, the service, program, or activity of voting by mail-in ballot." *Id.* ¶ 102.

Elsewhere, however, they suggest that the service, program, or activity is voting generally and that voting by mail privately and independently is, more precisely, a benefit of voting. For instance, Plaintiffs allege that "Defendants will not make the County's elections fully accessible to individuals with print disabilities, including Plaintiffs, who wish to exercise their right to vote by mail." *Id.* ¶ 84. Moreover, while Plaintiffs assert in their motion for a preliminary injunction that "[v]oting by mail is a program or service within the meaning of disability rights law[,]" ECF No. 3 at 16, they also rely on *Lamone*, which described the relevant issue in that case as one in which "defendants have provided such a *benefit* to non-disabled voters while denying that same *benefit* to plaintiffs on the basis of their disability." 813 F.3d at 506 (emphasis added).

In assessing Plaintiffs' request for injunctive relief, the Court construes their argument as one that characterizes the opportunity to vote by mail privately and independently as a benefit of voting. As a result, Defendants' argument that voting by mail is not a "program" created by Bexar County is inapposite. ECF No. 16 ¶ 3.

Federal regulations proscribe a public entity from affording "a qualified individual with a disability an opportunity to participate in or benefit from the aid, benefit, or service that is not equal to that afforded others[.]" 28 C.F.R. § 35.130(b)(1)(ii). They also make clear that a public entity may not provide "a qualified individual with a disability with an aid, benefit, or service that is not as effective in affording equal opportunity to obtain the same result, to gain the same benefit, or to reach the same level of achievement as that provided to others[.]" *Id.* § 35.130(b)(1)(iii).

It is undisputed that Plaintiffs and their members are eligible to vote by mail. Johnson Decl. ¶¶ 5, 7; Walker Decl. ¶ 5; Pellicciotti Decl. ¶ 5; Crosby Decl. ¶¶ 4, 16; Bearden Decl. ¶ 3. Plaintiffs, however, are unable to vote by mail privately and independently because their visual impairments, among other disabilities, prevent them from completing and submitting on their own the paper mail-in ballot that Bexar County requires. Johnson Decl. ¶¶ 8, 21; Walker Decl. ¶¶ 6, 12–13; Pellicciotti Decl. ¶¶ 15, 17; Crosby Decl. ¶¶ 7, 13–16, 20; Bearden Decl. ¶¶ 6, 13. The inability to do so deprives Plaintiffs and their members of their right, under Texas law, to vote by mail in secret and free from intimidation. TEX. ELEC. CODE § 62.0115(b)(2).

By contrast, voters who are not visually impaired or otherwise disabled, but are nonetheless eligible to vote by mail, may do so privately and independently. As Plaintiffs put it:

> [A] sighted individual in Bexar County who does not have a disability that prevents him from filling out a ballot, and who qualifies for vote-by-mail voting, may vote independently and privately without having to travel to a polling place on Election Day. By contrast, blind individuals and individuals with print disabilities in Bexar County cannot vote secretly, independently and privately by mail-in ballot. The process of marking and casting a vote through a mail-in ballot is completely inaccessible.

ECF No. 1 ¶¶ 51–52. In other words, Plaintiffs and their members do not have an opportunity to vote by mail that is equal to the opportunity that Defendants offer to other voters who are eligible to vote by mail because Plaintiffs and their members are physically unable to complete and submit

Bexar County's paper mail-in ballot on their own. Thus, Plaintiffs and their members have been denied the benefit of voting by mail privately and independently by reason of their disability.

Defendants argue that Texas law prohibits them from granting any modification that Plaintiffs may seek. ECF No. 16 ¶ 6. Put differently, they contend that they are not responsible for ensuring that Plaintiffs have equal access to the benefit of voting by mail in secret and free from intimidation. To be sure, Plaintiffs must show that they are being denied the benefit of services, programs, or activities for which Defendants are responsible. *Melton*, 391 F.3d at 671. But the Secretary has made clear in prior litigation that Defendants have "an independent obligation to follow the Texas Election Code." Resp., *Semien*, No. 1:20-CV-0789-LY, ECF No. 26 at 5 (citations omitted). She[12] has also unequivocally asserted that Bexar County "will not send such ballots unless ordered to do so by the Court." *Id.*

Moreover, even if Defendants are correct that a modification in this case would violate the Election Code, the fact remains that Title II of the ADA requires Defendants to provide a means by which Plaintiffs and their members can vote by mail privately and independently like all other eligible Texans. Thus, to the extent that the Election Code conflicts with Title II, the Election Code is preempted by Title II. *See Arizona v. United States*, 567 U.S. 387, 399 (2012) ("[S]tate laws are preempted when they conflict with federal law."); *see also* U.S. CONST. art. VI, cl. 2. In sum, Defendants are undoubtedly responsible for ensuring that Plaintiffs and their members have equal access to the benefit of voting by mail in secret and free from intimidation.

As a result, it is clear that Title II entitles Plaintiffs and their members to request a reasonable modification that will allow them to vote by mail on their own. Less clear, however, is what modification Plaintiffs actually seek in this case. At first, Plaintiffs ask the Court to enter a

---

[12] The Texas Secretary of State is now John B. Scott.

preliminary injunction that broadly requires Defendants to make mail-in ballots accessible. ECF No. 3 at 7. They then assert that they seek a preliminary injunction that requires Defendants to implement throughout Bexar County some unspecified accessible electronic vote-by-mail system that will enable eligible voters with print and vision impairments to vote by mail on their own. *Id.* at 8. The proposed order Plaintiffs attach to their motion requests yet another modification. ECF No. 3-2. The proposed order seek to ensure "that the electronic ballot-by-mail delivery and marking system used in Bexar County for military and overseas voters is accessible to voters with visual and print disabilities in time for the start of Early Voting for the November 8, 2022 election in Bexar County." *Id.* ¶ 1. If the military and overseas electronic ballot-by-mail delivery system is not accessible, the proposed order requests that Defendants "take all necessary and appropriate steps to make the system accessible or to procure or otherwise secure an electronic ballot-by-mail delivery and marking system that is accessible to people with visual and print disabilities in time for the start of Early Voting for the November 8, 2022 election in Bexar County." *Id.* ¶ 1(a). In short, Plaintiffs do not consistently articulate the modification that they seek in this case.

It is true that Defendants must "take appropriate steps to ensure that communications with applicants, participants, members of the public, and companions with disabilities are as effective as communications with others." 28 C.F.R. § 35.160(a)(1). And it is also true that Defendants must "give primary consideration" to the modification that Plaintiffs request when determining the type of auxiliary aid or service that is necessary to ensure effective communications. *Id.* § 35.160(b)(2). Plaintiffs, however, must "request an accommodation[13] in 'direct and specific' terms[.]" *Windham*

---

[13] "The term 'reasonable accommodations' in Title I is generally considered synonymous with the term 'reasonable modifications' in Title II." *Bailey v. Bd. of Comm'rs of La. Stadium & Exposition Dist.*, 484 F. Supp. 3d 346, 426 (E.D. La. 2020) (citing *McElwee v. County of Orange*, 700 F.3d 635, 640 n.2 (2d Cir. 2012); *Seremeth v. Bd. of Cnty. Comm'rs Frederick Cnty.*, 673 F.3d 333, 336 (4th Cir. 2012); *Robertson v. Las Animas Sheriff's Dep't*, 500 F.3d 1185, 1195 n.8 (10th Cir. 2007); *McGary v. Portland*, 386 F.3d 1259, 1266 n.3 (9th Cir. 2004)).

*v. Harris County*, 875 F.3d 229, 237 (5th Cir. 2017) (quoting *Reed v. LePage Bakeries, Inc.*, 244 F.3d 254, 261 (1st Cir. 2001)). Put differently, Plaintiffs bear "the burden of showing that [they] requested a modification *and that it was reasonable*." *Block*, 952 F.3d at 618 (emphasis added).

The undisputed facts before the Court indicate that the only accommodation that Plaintiffs directly and specifically requested from Defendants is the opportunity to vote by mail using the electronic system that Bexar County provides for its active military member and overseas eligible voters. According to Plaintiffs' complaint, for example, Mr. Johnson called Ms. Callanen on June 25, 2020, and informed her that he wanted to vote by mail, but that he needed an electronic system to do so because he is blind and, as a result, cannot privately and independently complete the paper mail-in ballot that Bexar County requires. ECF No. 1 ¶ 69. Ms. Callanen told Mr. Johnson that the electronic system Bexar County provides for its active military member and overseas eligible voters may be a suitable alternative. *Id.* Ms. Callanen then sent Mr. Johnson a copy of an electronic ballot, and Mr. Johnson "found it to be accessible using his screen reader technology." *Id.* ¶ 70. Further, on January 30, 2021, Mr. Johnson mailed a letter to Ms. Callanen, informing her that he wished to vote by mail in the upcoming local election. *Id.* ¶ 72. In his letter, Mr. Johnson "asked for an accommodation to fill out the ballot in the same manner as voters overseas." *Id.*

Plaintiffs echo their allegations in their arguments for injunctive relief. They submit that "Bexar County already deploys technology to electronically deliver ballot-by-mail ballots to members of the military and citizens who live overseas[,]" but that "Bexar County has refused to make those ballots available electronically to voters with disabilities." ECF No. 3 at 8. Plaintiffs repeatedly state that Defendants have failed to provide them with an accessible system to vote by mail, "[e]ven though Defendants have already implemented an accessible electronic system for overseas voters[.]" *Id.* at 9. They further maintain that Defendants have prevented them from using

13

"Bexar County's electronic voting system for military and overseas voters." *Id.* at 10. Plaintiffs also argue that this case is indistinguishable from *Lamone* because "Bexar County denies voters with disabilities the right to vote by mail without assistance when the technology that would allow those voters an independent and private absentee vote is available." *Id.* at 18.

Declarations attached to the motion for a preliminary injunction further establish that the modification that Plaintiffs seek is the opportunity to vote by mail using the electronic system that Bexar County provides for its active military member and overseas eligible voters. Plaintiffs cite to Ms. Callanen's declaration from a prior case as proof that "the system Bexar County already uses for overseas voters is accessible and could be expanded to print disabled voters." *Id.* at 23; *see also* Callanen Decl. ¶ 6. Mr. Johnson's declaration provides that the "electronic ballot Bexar County sends to military members overseas" is accessible. Johnson Decl. ¶ 16. President of NFB-TX Norma Crosby submits in her declaration, "If voters with disabilities in Bexar County were able to request accessible electronic absentee ballots—as military and overseas voters already may do—such that they could read the ballot and mark their selections using their own assistive technology—they could vote privately and independently in the November 2022 election." Crosby Decl. ¶ 13. And CTD Deputy Executive Director Chase Bearden avers in his declaration that the electronic system that Defendants provide for active military member and overseas eligible voters "would be ready-made to accommodate disabled voters." Bearden Decl. ¶ 12. The Court, therefore, construes Plaintiffs' request for a modification as one that seeks the opportunity to vote b -mail in the same manner as Bexar County's active military member and overseas eligible voters do.[14]

Plaintiffs, however, have not made a clear showing, at this time, that the modification that they seek is reasonable. "Determination of the reasonableness of a proposed modification is

---

[14] If Plaintiffs seek a different modification, they must articulate that request more clearly.

generally fact-specific." *Lamone*, 813 F.3d at 508. And here, the facts before the Court do not clearly show that the electronic system that Bexar County currently provides for its active military member and overseas eligible voters will allow Plaintiffs and their members to vote by mail in secret and free from intimidation. Specifically, neither the briefing nor the exhibits attached thereto explain how Bexar County's current electronic system precisely operates. Further, neither the briefing nor the exhibits attached thereto plainly establish whether and how eligible voters who are visually impaired and/or have impaired manual dexterity receive, access, complete, print, sign, and return by mail their electronic ballot to the Elections Department; and critically, whether and how they may do all of this privately and independently.[15]

The Court may grant a preliminary injunction only if Plaintiffs have clearly shown a substantial likelihood of success on the merits. Plaintiffs, at this time, have not shown that the modification that they seek in this case is reasonable. As a result, Plaintiffs have not shown a substantial likelihood of success on the merits. The Court, therefore, need not consider whether Plaintiffs have satisfied the remaining three requirements for injunctive relief.

The request for a modification is best determined through a flexible, interactive process that involves both parties. Once the parties have further engaged in this interactive process, Plaintiffs may file a second motion for a preliminary injunction that fully explains whether and how the modification that they request in this case is reasonable, in accordance with the concerns that the Court has expressed herein. Only then may the Court properly determine whether the electronic system that Bexar County currently provides for its active military member and overseas eligible voters is a reasonable modification that will allow Plaintiffs and their members to vote by mail in secret and free from intimidation, just as Texas law guarantees and federal law requires.

---

[15] Oral argument also failed to provide answers to these important unanswered questions.

## CONCLUSION

Accordingly, the Court **DENIES WITHOUT PREJUDICE** Plaintiffs' Motion for a Preliminary Injunction (ECF No. 3). Plaintiffs' Motion for Leave to File Supplemental Briefing (ECF No. 21) is **MOOT**.

It is so **ORDERED**.

**SIGNED** this July 7, 2022.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE