IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| LARRY JOHNSON, WENDY WALKER, AMELIA PELLICCIOTTI, NATIONAL FEDERATION OF THE BLIND OF TEXAS, THE COALITION OF TEXANS WITH DISABILITIES,<br>　　　　*Plaintiffs,*<br><br>v.<br><br>JACQUELYN F. CALLANEN, IN HER OFFICIAL CAPACITY AS THE BEXAR COUNTY ELECTIONS ADMINISTRATOR, BEXAR COUNTY, TEXAS,<br>　　　　*Defendants.* | §§§§§§§§§§§§§§§§§§ | SA-22-CV-00409-XR |

## **ORDER**

On this date, the Court considered Plaintiffs' second motion for a preliminary injunction (ECF No. 35), as amended (ECF No. 41), Defendant's brief in opposition (ECF No. 38), and the parties' arguments at the hearing held on October 19, 2022. After careful consideration, the Court issues the following order.

## BACKGROUND

All Texas voters have the right to "vote in secret and free from intimidation[.]" TEX. ELEC. CODE § 62.0115(b)(2). Some Texas voters, including those with physical conditions that prevent them from voting in person without a likelihood of needing personal assistance, are entitled to vote absentee. *Id.* § 82.002(a)(1). To vote absentee in Bexar County, an eligible voter must complete and submit a paper ballot. ECF No. 3 at 8. Upon receiving a paper ballot by mail, the eligible voter must be able to read the "paper ballot in standard print, physically mark the ballot choices, and fill in and sign the statement printed on the back of the envelope." *Id.* at 9. Together, these provisions

establish that voting in secret by absentee ballot is a benefit of voting that Texas guarantees for all qualified voters.

Regrettably, the Texas Legislature, while affording all voters the right to vote in secret and free from intimidation and affording qualified voters the ability to vote by mail, has refused to clarify how blind and otherwise print-disabled voters can exercise both rights simultaneously under Texas law. The Court recognizes that Bexar County has provided Plaintiffs with alternatives means by which to vote, including voting in person or absentee, but acknowledges that these solutions are imperfect and are not realistic for all print-disabled individuals. State legislatures across the country have affirmatively implemented electronic voting systems in recognition of the practical difficulties that qualified voters with print-disabilities face as they attempt to cast their absentee ballots in a secret fashion without the assistance of another person. *See* ECF No. 35-1, Blake Decl. ¶ 8 (noting that accessible electronic alternatives to paper mail-in ballots are made available to disabled voters in Nevada, Maryland, Ohio, Michigan, New York, Pennsylvania, North Carolina, New Hampshire, California, Virginia, and elsewhere). Unfortunately, despite explicit requests for guidance from advocates for disabled citizens, the Texas Legislature has thus far been unwilling to take any action to protect the ability of some of Texas's most vulnerable citizens to exercise this sacred right. *W. Va. State Bd. of Educ. v. Barnette*, 319 U.S. 624, 638 (1943); *In re Talco-Bogata Consol. Indep. Sch. Dist. Bond Election*, 994 S.W.2d 343, 347 (Tex. App.—Texarkana 1999, no pet.) ("Privacy in casting one's ballot is a sacred rule of law in this state." (citing TEX. CONST. art. VI, § 4)). Its failure to do so has resulted in this litigation.

On April 27, 2022, three visually impaired individuals and two non-profit organizations comprising visually impaired and otherwise disabled Texans—all of whom are eligible and want to vote absentee in secret and free from intimidation—filed this action against Defendant

Jacquelyn F. Callanen, in her official capacity as the Bexar County Elections Administrator, and Defendant Bexar County, Texas (together, "Defendants"). ECF No. 1. Plaintiffs Larry Johnson, Wendy Walker, and Amelia Pellicciotti (the "Individual Plaintiffs") are registered voters in Bexar County, Texas, and they are each eligible to vote by absentee ballot in Texas. ECF No. 1 ¶¶ 15–17. The Individual Plaintiffs have disabilities as defined under the Americans with Disabilities Act and Rehabilitation Act. ECF No. 34, Stip. ¶¶ 2–4. Specifically, the Individual Plaintiffs are blind and cannot read print. *Id.* ¶¶ 5–7. The two organizational plaintiffs are the National Federation of the Blind of Texas ("NFB-TX") and the Coalition of Texans with Disabilities ("CTD"). ECF No. 1 ¶¶ 18–19.

Plaintiffs allege that the right to vote in secret and free from intimidation is being denied to blind and otherwise disabled voters because absentee ballots for domestic voters are only provided in paper format, in violation of Title II of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12131 *et seq. Id.* ¶ 1. Federal regulations implementing the ADA require public entities, including Defendants, to afford qualified individuals with disabilities the opportunity "to participate in or benefit from the aid, benefit, or service" equal to that afforded to others, including an equal opportunity "to obtain the same result, to gain the same benefit, or to reach the same level of achievement as that provided to others[.]" 28 C.F.R. § 35.130(b)(1)(ii)–(iii). Covered entities must also ensure their communications with people with disabilities are as effective as communications with nondisabled people. 28 C.F.R. § 35.160(a)(1).

Concurrently with their complaint filed on April 27, 2022, Plaintiffs filed a motion for a preliminary injunction ordering Defendants to immediately provide an electronic ballot marking system for the upcoming November 8, 2022 election. ECF No. 3.

Bexar County has already implemented an electronic ballot delivery system for overseas voters and military personnel pursuant to its duties under the Uniformed and Overseas Citizens Absentee Voting Act ("UOCAVA"), 52 U.S.C. §§ 20301 et seq., as amended by the Military and Overseas Voter Empowerment Act ("MOVE Act"), Pub. L. No. 111-84, Subtitle H, §§ 575–89, 123 Stat. 2190, 2318–35 (2009). The system, called "MOVE Edge," has been approved by the Texas Secretary of State. ECF No. 34, Stip. ¶¶ 9–10. To avail themselves of this alternative, an active military or overseas individual must first submit an application called the Federal Post Card Application ("FPCA"), a form created by federal law to permit active military member and overseas voters to vote absentee.[1] The active military or overseas individual must indicate in their FPCA whether they would like to receive their absentee ballot and voting materials by mail, common or contract carrier, or email.[2] They must also sign and date the FPCA before returning it to the Bexar County Elections Department (the "Elections Department") by mail, common or contract carrier, in-person delivery, fax, or email.[3] If the Elections Department determines that the active military or overseas individual is eligible to vote, it sends the ballot in the form requested in the FPCA.[4] The active military or overseas voter must then return their ballot by mail, or common or contract courier.[5]

---

[1] *See* Bexar County Elections Department, *Military/Overseas Voters*, https://elections.bexar.org/1696/MilitaryOverseas-Voters (last visited Oct. 20, 2022); *see also* Department of Defense, *Federal Voting Assistance Program—Texas*, https://www.fvap.gov/guide/chapter2/texas#election-offices (last visited July 6, 2022). The Court may take judicial notice of governmental websites. *Coleman v. Dretke*, 409 F.3d 665, 667 (5th Cir. 2005) (per curiam).

[2] *See* Texas Secretary of State, *Military & Overseas Voters*, https://www.votetexas.gov/voting-by-mail/military-and-overseas-voters.html (last visited Oct. 20, 2022); *see also* Department of Defense, *supra* note 3.

[3] *See* Texas Secretary of State, *supra* note 2. If the active military or overseas individual submits their FPCA by fax, they must nonetheless return their original FPCA by mail. *See id.*

[4] *See* Texas Secretary of State, *supra* note 2; *see also* Bexar County Elections Department, *supra* note 3.

[5] *See* Texas Secretary of State, *supra* note 2. At oral argument on June 15, 2022, Defendants' counsel stated that the mail-in ballot, even if sent by email, must be printed, completed, and signed with a wet signature.

On June 15, 2022, the Court heard argument on Plaintiffs' first request for injunctive relief. On July 7, 2022, the Court issued its order denying Plaintiffs' first motion for a preliminary injunction. *Johnson v. Callanen*, No. SA-22-CV-00409-XR, 2022 WL 2541357, at *3 (W.D. Tex. July 7, 2022). In its order denying Plaintiffs' requested relief, the Court held that Title II of the ADA clearly entitles Plaintiffs to request a reasonable modification that will allow them to vote on their own. *Id.* at *6. Plaintiffs failed, however, to establish that the only modification requested in direct and specific terms—affording print-disabled voters the opportunity to vote using the electronic system that Bexar County offers to active military and overseas voters—was reasonable. *Id.* at *7. Plaintiffs did not describe with specificity how the electronic voting system provided to military and overseas voters operated, and thus could not demonstrate that print-disabled voters would be able to access, complete, and submit their electronic ballot privately and independently. *Id*. Because there was no evidence to support the reasonableness of the requested relief, Plaintiffs' motion for a preliminary injunction was denied. *Id.* Instead, the Court concluded that "[t]he request for a modification is best determined through a flexible, interactive process that involves both parties." *Id.* Once the parties had further engaged in this interactive process, Plaintiffs were granted leave to file a second motion for a preliminary injunction that fully explains whether and how the requested modification is reasonable. *Id.*

Per the Court's order, the parties have attempted to engage in the interactive process. Counsel for the parties met via Zoom on August 10, 2022, and discussed how the MOVE Edge system works and whether there were any available methods to provide accessible absentee ballots to Plaintiffs and other voters with print disabilities. ECF No. 35-2, Blake Decl. ¶ 6. Defendants, however, maintained that they were unable to allow voters with print disabilities to use the MOVE Edge system or any other electronic ballot because Texas state law does not permit them to do so.

*Id.* Despite the interactive process, Defendants refused to make the County's elections fully accessible to individuals with print disabilities, including Plaintiffs, who wish to exercise their right to vote absentee in secret . *Id.* ¶¶ 6–8.

Plaintiffs have filed a second motion requesting a preliminary injunction that directs Bexar County to implement a county-wide accessible electronic ballot system to enable voters with vision and print disabilities to cast their ballots in the November General Election. ECF No. 35 at 18. In support of their renewed motion, Plaintiffs have included the declaration of Lou Ann Blake, the Director of Research Programs for the National Federation of the Blind Blindness Initiatives, describing the MOVE Edge system and its accessibility to print-disabled voters in greater detail. *See* ECF No. 35-1, Blake Decl. Defendants oppose the requested injunctive relief, asserting that it would "create confusion in the election process in Texas and would not serve the public's interest in this election cycle." ECF No. 38 at 6.

On October 20, 2022, while their second motion for a preliminary injunction was pending before this Court, Plaintiffs sought leave to amend their motion to request to include, as alternative relief, a preliminary injunction requiring accessible MOVE Edge ballots solely for the named Individual Plaintiffs for the November 8, 2022 election. *See* ECF No. 41.

## DISCUSSION

**I.    Legal Standard**

To secure a preliminary injunction, the movants must demonstrate by a clear showing: (1) a substantial likelihood of success on the merits; (2) a substantial threat of irreparable harm if the injunction is not granted; (3) that the threatened injury outweighs any harm that may result from the injunction to the non-movants; and (4) that the injunction will not undermine the public interest. *Valley v. Rapides Par. Sch. Bd.*, 118 F.3d 1047, 1051 (5th Cir. 1997). The Court looks to

substantive law to determine the movants' likelihood of success on the merits. *Miss. Power & Light Co. v. United Gas Pipe Line Co.*, 760 F.2d 618, 622 (5th Cir. 1985).

**II.    Analysis**

    **A.  Substantial Likelihood of Success on the Merits**

Title II of the ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. The ADA defines the term "disability" as "a physical or mental impairment that substantially limits one or more major life activities[.]" *Id.* § 12102(1)(A). A physical or mental impairment includes visual impairments. 28 C.F.R. § 35.108(b)(2). According to federal regulations, "seeing" is a major life activity under the ADA. *Id.* § 35.108(c)(1)(i). Further, Title II "defines 'public entities' to include local governments." *Cadena v. El Paso County*, 946 F.3d 717, 723 (5th Cir. 2020) (citing 42 U.S.C. § 12131(1)(A)).

The Court previously concluded that Plaintiffs have properly invoked Title II of the ADA against a public entity in this case. *Johnson*, 2022 WL 2541357, at *4. The Individual Plaintiffs, as well as many of NFB-TX's and CTD's members, are impaired in a manner that substantially limits one or more major life activities. *See* ECF No. 3-1, Johnson Decl. ¶¶ 2, 5; Walker Decl. ¶ 2; Pellicciotti Decl. ¶ 2; Crosby Decl. ¶¶ 4–5; Bearden Decl. ¶ 3. Plaintiffs are disabled as defined by the ADA. In filing this suit against Bexar County and Ms. Callanen in her official capacity as the Elections Administrator of Bexar County, *see* ECF No. 1 ¶¶ 12, 22, 67, 96, Plaintiffs properly invoked Title II of the ADA against a public entity.

The Court now considers whether Plaintiffs have stated a *prima facie* case of discrimination under Title II of the ADA. To do so, Plaintiffs must show:

> (1) that [they are] a qualified individual within the meaning of the ADA; (2) that [they are] being excluded from participation in, or being denied benefits of, services, programs, or activities for which the public entity is responsible, or [are] otherwise being discriminated against by the public entity; and (3) that such exclusion, denial of benefits, or discrimination is by reason of [their] disability.

*Melton v. Dall. Area Rapid Transit*, 391 F.3d 669, 671–72 (5th Cir. 2004) (citing *Lightbourn v. County of El Paso*, 118 F.3d 421, 428 (5th Cir. 1997)). "A public entity's failure to make a reasonable modification may satisfy the second and third prongs of the prima facia case." *Block v. Tex. Bd. of Law Exam'rs*, 952 F.3d 613, 618 (5th Cir. 2020).

The Court previously concluded that Plaintiffs and their members are qualified individuals within the meaning of Title II of the ADA, 42 U.S.C. § 12131(2). *Johnson*, 2022 WL 2541357, at *4; *see also* ECF No. 34, Stip. ¶ 1. Plaintiffs are currently eligible to vote by absentee ballot. ECF No. 22 ¶ 7. They are unable to do so privately and independently, however, because their visual impairments, among other disabilities, prevent them from completing and submitting on their own the paper mail-in ballot that Bexar County requires. ECF No. 3-1, Johnson Decl. ¶¶ 8, 21; Walker Decl. ¶¶ 6, 12–13; Pellicciotti Decl. ¶¶ 15, 17; Crosby Decl. ¶¶ 7, 13–16, 20; Bearden Decl. ¶¶ 6, 13. The inability to do so deprives Plaintiffs and their members of their right, under Texas law, to vote by absentee ballot in secret and free from intimidation. TEX. ELEC. CODE § 62.0115(b)(2). Because Plaintiffs and their members are physically unable to complete and submit Bexar County's paper mail-in ballot on their own, they have been denied the benefit of voting privately and independently by absentee ballot because of their disabilities. Accordingly, they are being denied an opportunity to vote absentee that is equal to the opportunity afforded to other eligible to vote absentee. *Johnson*, 2022 WL 2541357, at *4. The Court therefore held that Title II entitled Plaintiffs and their members to request reasonable accommodation that would allow them to cast

an absentee ballot on their own. *Id*. Still, the Court held that Plaintiffs had failed to establish a *prima facie* case discrimination under Title II of the ADA. Without specific information about how Bexar County's electronic ballots operated, the Court could not determine whether the requested accommodation—extending access to the MOVE Edge system to all print-disabled voters—was reasonable.

In their second motion, Plaintiffs have explained how the MOVE Edge system works and how it would allow print-disabled voters to access, complete, and submit their electronic ballot privately and independently. *See* ECF No. 35-1, Blake Decl. ¶¶ 11–13. Nonetheless, the Court need not address the question of whether the proposed modification is reasonable or unduly burdensome at this time, because the Court concludes that the requested injunctive relief would disserve the public interest at this time, and, accordingly cannot be granted in advance of the November 2022 election.

**B. Public Interest**

Plaintiffs assert that the requested injunction would advance the public interest by protecting rights afforded under state and federal law. ECF No. 35 at 22–23. As previously discussed, the Election Code establishes that a qualified voter has the right to "vote in secret and free from intimidation[.]" TEX. ELEC. CODE § 62.0115(b)(2).

Plaintiffs argue that "Congress made clear in enacting the ADA that the public interest lies in the eradication of discrimination against persons with disabilities, declaring that the ADA's purpose is 'to provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities.'" ECF No. 35 at 23 (citing *Tennessee v. Lane*, 541 U.S. 509, 516 (2004) (quoting 42 U.S.C. § 12101(b)(1)). In response, Defendants emphasize the potentially sweeping breadth of such an injunction, arguing that "it would affect every Texas

County and every election entity in the United States that uses the MOVE Edge system." ECF No. 38 at 6. They further contend that, because early voting for the upcoming election begins on October 24, 2022, and because FPCAs must be received by the close of business on October 28, 2022, granting Plaintiffs' motion for a preliminary injunction would "create confusion in the election process in Texas and would not serve the public's interest in this election cycle." *Id*.

The Court finds that the impact of requiring Bexar County to implement this system before the November 2022 election would create confusion and chaos in the election process. The parties have stipulated that extending the MOVE Edge system to print-disabled voters would not require Bexar County to create any new ballots and would not be unduly burdensome. *See* ECF No. 34 ¶ 17, 18. Indeed, Bexar County has further stipulated that, "[i]f state law allowed [it] to provide MOVE Edge ballots to vote-by-mail eligible voters with print disabilities, it would do so." *Id*. at ¶ 19. Nonetheless, at the hearing on October 19, 2022, counsel for Bexar County underscored the difficulty of doing so in the timeline required before the November 2022 election, especially because the parties have not agreed to any language or procedure for certifying that individuals who request access to the MOVE Edge ballot on the basis of a print disability are, in fact, eligible to do so. *See id*. The Court has no information about how the attestation process would operate, including whether and how Bexar County officials will be charged with evaluating whether each applicant's individual disability qualifies as a "print disability." Finally, it is not clear how any new procedures would be publicized to voters. The parties have not agreed, for example, to any information or instructions on electronic voting to be made available on the Bexar County Elections Department website. *Id*. Without clarity on these issues, the Court has significant doubts about Defendants' ability to implement this process in such a short amount of time without creating significant confusion among voters and disserving the public interest.

Finally, the Court holds that granting a preliminary injunction in this case would unreasonably interfere with the state's election laws too close to the upcoming November 2022 election. Federal courts ordinarily should not alter state election laws in the period close to an election. *DNC. v. Wis. State Leg.*, 141 S. Ct. 28, 31 (2020) (Kavanaugh, J., concurring) (citing *Purcell v. Gonzalez*, 549 U.S. 1 (2006) (per curiam)). The *Purcell* principle's logic extends to injunctions that, as here, "affect the mechanics and procedures of election law applicable to voting." *See, e.g., RNC v. DNC*, 140 S. Ct. 1205, 1207 (2020) (extension of absentee ballot deadline); *Mi Familia Vota v. Abbott*, 834 F. App'x 860, 863 (5th Cir. 2020) (mask mandate exemption for voters); *Richardson v. Tex. Sec'y of State*, 978 F.3d 220, 244 (5th Cir. 2020) (procedures for authenticating mail-in ballot signatures); *Tex. Alliance for Retired Ams. v. Hughs*, 976 F.3d 564, 566–67 (5th Cir. 2020) (new ballot type eliminating straight-ticket voting); *Tex. Democratic Party v. Abbott*, 961 F.3d 389, 411–12 (5th Cir. 2020) (absentee ballot eligibility requirements); *DNC v. Wis. State Leg.*, 141 S. Ct. at 31 (extension of absentee ballot deadline). Plaintiffs ask the Court to direct Defendants to implement new voting procedures for print-disabled voters just days before the deadline for applying to vote through the MOVE Edge system. This is precisely the kind of intervention that *Purcell* cautions against.

As Plaintiffs are aware, preliminary injunctions are extraordinary equitable remedies that may be granted only upon a clear showing of all four elements for injunctive relief. *Valley v. Rapides Par. Sch. Bd.*, 118 F.3d 1051. Because Plaintiffs have failed to show that their requested preliminary injunction will serve the public interest at this time, their motion must be denied. Plaintiffs will be afforded an opportunity to fully prosecute their case in further proceedings consistent with this Order.

### C. Alternative Injunctive Relief for the Individual Plaintiffs

As an alternative to requiring Defendants to implement the MOVE Edge system for all print-disabled voters in Bexar County, Plaintiffs ask the Court to require Defendants to provide accessible MOVE Edge ballots to the Individual Plaintiffs—Larry Johnson, Wendy Walker, and Amelia Pellicciotti. *See* ECF No. 41. Because the Court must deny the broader injunction at this time, it will re-evaluate the preliminary injunction factors based on the alternative request for relief.

The Court concludes that the Individual Plaintiffs have demonstrated a substantial likelihood of success on the merits. The parties have stipulated to the fact that the Individual Plaintiffs are totally blind and cannot read print. ECF No. 34 ¶¶ 4, 5, 6. Moreover, the Individual Plaintiffs have established that access to the MOVE Edge system is a reasonable accommodation. Specifically, they note that, to facilitate the voting process for military and overseas voters, Bexar County uploads PDF formats of its ballots into the MOVE Edge Portal, which makes the PDFs accessible to screen readers. ECF No. 35-1, Blake Decl. ¶¶ 11, 12. The portal also makes the PDF ballots "fillable." *Id*. ¶ 13. Thus, the MOVE Edge system will allow the Individual Plaintiffs to vote privately and independently in the following manner:

> Using an accessible electronic ballot, [the Individual Plaintiffs'] screen reader software would read the ballots aloud . . . on their computers. Using the Tab and Up and Down arrow keys instead of the mouse, [the Individual] Plaintiffs could move through the form to the sections they need to fill out, or they could read the form through from top to bottom. When the screen reader arrives at a blank to be filled in or a button to be checked to select a candidate, the screen reader would notify the [the Individual] Plaintiffs that it is a fillable blank or a "radio button" to be clicked, and what the blank requests (e.g., WriteIn Candidate) or what candidate the radio button is associated with. [The Individual] Plaintiffs could fill in the fillable electronic ballot forms to select their candidates using their keyboards, which would electronically mark the ballot, just as any electronic fillable form is marked on a computer.

*Id*. ¶ 12. Both parties have further stipulated that "Bexar County could use the MOVE Edge system to provide electronic ballots to Individual Plaintiffs" and that it "would not require Bexar County to create any new ballots to do so." *Id*. ¶¶ 16, 17. Because the requested accommodation is

12

reasonable, Defendants' failure to provide the Individual Plaintiffs with access to the MOVE Edge system satisfies the second and third prongs of the prima facia case. *See Block*, 952 F.3d at 618. The Court concludes that the Individual Plaintiffs have stated a prima facie case of discrimination under Title II of the ADA.

The Court further concludes that there is a substantial threat of irreparable harm to the Individual Plaintiffs if the requested relief—requiring Defendants to provide them with accessible MOVE Edge ballots for the November 8, 2022, election—is not granted. Irreparable harm may be presumed when a defendant has violated a civil rights statute such as the ADA. *Middleton-Keirn v. Stone*, 655 F.2d 609, 611 (5th Cir. 1981) ("[I]rreparable injury should be presumed from the very fact that the statute has been violated.") (citation omitted).

In addition to the Individual Plaintiffs' rights under the ADA, failure to grant the requested relief will also burden their right to vote privately and independently under state and federal law. "The denial of the opportunity to cast a vote that a person may otherwise be entitled to cast—even once—is an irreparable harm." *Jones v. Governor of Fla.*, 950 F.3d 795, 828 (11th Cir. 2020). "Courts routinely deem restrictions on fundamental voting rights irreparable injury." *League of Women Voters of N.C. v. North Carolina*, 769 F.3d 224, 247 (4th Cir. 2014) (collecting cases). Access to a secret ballot, to protect the right to vote freely, is integral to Plaintiffs' right to vote under Texas law. *See In re Talco-Bogata Consol. Indep. Sch. Dist. Bond Election*, 994 S.W.2d at 347. It is an important defense against "voter intimidation and election fraud" and "necessary to cure electoral abuses." *Burson v. Freeman*, 504 U.S. 191, 206–07 (1992). "The right to vote freely for the candidate of one's choice is of the essence of a democratic society and any restrictions on that right strike at the heart of representative government. And the right of suffrage can be denied by a debasement or dilution of the weight of a citizen's vote just as effectively as by wholly

prohibiting the free exercise." *Reynolds v. Sims,* 377 U.S. 533, 555 (1964). If the requested relief is not granted, there is a substantial threat that the Individual Plaintiffs' rights under the ADA will violated and their state and federal voting rights will be burdened, causing irreparable harm.

Third, the Court concludes that this threatened injury to the Individual Plaintiffs outweighs the harm that Defendants would suffer in providing accessible MOVE Edge ballots to them for the November 8, 2022, election. Without access to electronic absentee voting, the Individual Plaintiffs will be excluded from voting from home unless they sacrifice the privacy of their ballots. Bexar County, on the other hand, concedes that it will suffer no harm if the injunctive relief is granted. ECF No. 34, Stip. ¶¶ 17–19.[6]

Finally, none of the public interest concerns that control the outcome of this case as to the denial of the broader injunction are applicable to the relief sought by the three Individual Plaintiffs. Because the parties have stipulated to the Individual Plaintiffs' qualifying print-disabilities and to the fact that they are eligible to vote absentee, *id.* ¶¶ 1–7, there is no need for an attestation before supplying the Individual Plaintiffs with the requested ballots. Nor is there any need for pre-election publicity or risk of voter confusion, given that the only three voters who will be given accessible electronic ballots by virtue of an injunction are, as active litigants in this case, well aware of the process for voting through the MOVE Edge system. Finally, providing accessible electronic ballots to the Individual Plaintiffs will serve the public interest by vindicating rights afforded under state

---

[6] Defendants have previously argued that Defendant Callanen might be subjected to adverse employment action from the State, including revoking her pension, if she permitted individuals with print disabilities to use Bexar County's accessible electronic absentee voting system. The Court agrees with Plaintiffs that compliance with this Order cannot constitute an "abuse of official capacity" that could subject Callanen to criminal liability under TEX. GOV'T CODE § 810.003(a)(2), and, subsequently, the revocation of her pension. The civil penalties section of the Texas Election Code does subject an election official who "violates a provision of [the Texas election] code" to civil liability to the State, including "loss of the person's employment benefits." However, Texas courts have not identified anyone who is "statutorily tasked with enforcement" of that provision." *See Paxton v. Longoria*, No. 22-0224, 2022 WL 2080867, at *6 (Tex. June 10, 2022). In fact, in *Longoria* the Attorney General stipulated that he was not the proper official to enforce the civil penalties provision with respect to the plaintiffs in that case—one of whom was a county elections administrator like Ms. Callanen. *Id.*

14

and federal law. *Lane*, 541 U.S. at 516 (discussing "national mandate for the elimination of discrimination against individuals with disabilities."); *G & V Lounge, Inc. v. Mich. Liquor Control Comm'n*, 23 F.3d 1071, 1079 (6th Cir. 1994) ("[I]t is always in the public interest to prevent the violation of a party's constitutional rights.").

Accordingly, Plaintiffs' motion for preliminary injunction as to the Individual Plaintiffs only is **GRANTED**.

## CONCLUSION

For the foregoing reasons, the Court concludes that Plaintiffs have failed to satisfy their burden of establishing that the requested modification to the voting process in Bexar County would serve the public's interest as it relates to all blind and print-disabled voters. Accordingly, the Court **DENIES** Plaintiffs' second motion for a preliminary injunction (ECF No. 35) to the extent that it seeks relief on behalf of all print-disabled voters in Bexar County.

However, the relief requested in Plaintiffs' amendment to their second motion for a preliminary injunction is **GRANTED**. Accordingly, Defendants are **ORDERED** to provide accessible MOVE Edge ballots to the three Individual Plaintiffs—Larry Johnson, Wendy Walker, and Amelia Pellicciotti—to allow them to vote secretly and independently in the November 8, 2022 election.

It is so **ORDERED**.

**SIGNED** this 21st day of October, 2022.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE