**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| JOHNSON,  *et al.,* | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| vs. | § | Civil Action No.: 5:22-cv-00409-XR |
| | § | |
| | § | |
| CALLANEN, *et al.,* | § | |
| | § | |
| Defendants. | § | |

**DEFENDANTS' MOTION TO STAY AND RESPONSE TO PLAINTIFFS'**
**REQUEST FOR ATTORNEY'S FEES**

Now Comes Bexar County, Texas and Bexar County Election Administrator

Jacquelyn Callanen to file this Motion to Stay a Decision in Regard to Attorney's

Fees until after the November Election and Response to Plaintiff's Motion and

Application for Attorney Fees [Doc 64].  The Bexar County Defendants will show

the Court as follows:

**I.      MOTION TO STAY DECISION ON ATTORNEY'S FEES**

1. The Bexar County Defendants would request that Court stay any decision
   on the attorneys fees until the ordered reports are filed with the Court in
   regard to the November Election.

2. The Court's Permanent Injunctive Order provides that within 45 days of
   each election, Defendants will provide the Court and Plaintiffs a report
   for that election containing the following information:

a.  The number of individuals who requested an RAVBM ballot;

b.  The number of individuals who were issued an RAVBM ballot;

c.  The number of individuals who submitted an RAVBM ballot;

d.  The number of RAVBM ballots that were accepted and rejected, and the reason for the rejection; and

e.  Description of any complaints or feedback received from voters with disabilities regarding attempts to use the RAVBM system and descriptions of how those complaints were resolved.

Only when these reports are filed, can the Court and the Plaintiffs determine how successful this lawsuit has been for the blind voters of Bexar County.

3.  The number of persons in Bexar County who will be eligible for  this new program has never been established.   Plaintiffs were never able to provide this information to the Court when asked.   The question then is how many voters will actually use this new system that has been put in place by the Court.  While voting is an important American right, awarding attorney's fees are based degree of success obtained and is completely in line with the holdings of the United States Supreme Court and the Fifth Circuit.  *Farrar v. Hobby*, 506 U.S. 103, 114-115, 121

L.Ed.2d 494, 113 S.Ct. 566 (1992);  *Flowers v. Southern Regional Physician Services, Inc.,* 286 F.3d 798 (5th Cir. 2002);  *Giles v. General Elec., Co.,* 245 F.3d 474, 491 n.31 (5th Cir.2001.)

4. Therefore, for the reasons stated above, the Bexar County respondents pray that a Motion to Stay Plaintiffs' Motion and Application for Attorneys Fees and Costs be stayed until the 45-day Report after the November Election is filed and the Court can review the success of the program.

## II.   RESPONSE TO PLAINTIFFS' MOTION AND APPLICATION FOR ATTORNEY'S FEES

5. The Plaintiffs are stating that their legal staff spent 602.50 hours on this matter and are requesting $332,816.75 in attorney's fees. They further request $8,187.84 in costs including $3,338.62 in Westlaw fees and $2,896.98 in travel fees.   The Plaintiffs do not address that one of their claims was dismissed and that they obtained no monetary damages.

### A. Attorney's Fees

6. The Plaintiffs are requesting attorneys' fees for eight attorneys, three paralegals and two law clerks.  There was only one attorney representing the Bexar County Defendants – an attorney that does not have associates, paralegals and law clerks.  This case was not complicated, novel or

difficult.   The Bexar County Defendants did not send written discovery to the Plaintiffs and took no depositions.  This lawsuit was not contentious.  Once the Court ruled on the matter, Defendants cooperated and agreed to put the Injunction in place for the November Election. Defendants do not understand why so many attorneys, paralegals and law clerks were needed for this case.

5. The Attorney's Fees requested by Plaintiffs are not reasonable.  "The determination of a reasonable attorney's fee is left to the sound discretion of the trial judge." *Davis v. Credit Bureau of the S.*, 908 F.3d 972, 978 (5th Cir 2019).   District courts in the Fifth Circuit apply a two-step method for determining a reasonable award of attorneys' fees.  *Fessler v. Parceline Corona de Mexico*, 23 F.4th 408, 415 (5th Cir.)

### i. Lodestar

6. First, courts calculate the "lodestar," which is "the number of hours reasonably expended multiplied by the prevailing hourly rate in the community for similar work." *Id*.  (citation omitted).   It is important to note in this case that it must be the hourly rate in the community for similar work.  *See also Blum v. Stevenson,* 104 S.Ct.1541 (1984) (reasonable fees in a federal civil rights case are to be calculated according to the prevailing market rates in the relevant community,

regardless of whether plaintiff is represented by a private or a nonprofit counsel.)   The rates charged by the attorneys in this case are not customary charges in Bexar County Texas.   The self-serving affidavits of attorneys who do not work in Bexar County should not be the determining factor.  The Court is aware of the prevailing rates in Bexar County and the \or the Western District and Defendants would request that those rates be applied.

7. As for the actual work, this was not complex for the Plaintiffs' attorney. Ms. Hill has told the Court that she is one the leading civil rights attorneys in the nation.  Ms. Hill has filed lawsuits or negotiated these issues just like the one in front of the court is multiple jurisdictions, including Texas.  See  *Kenneth Semien, Jonathan Franks, Sean Pevsner, National Federation of the Blind and the Coalition of Texas with Disabilities v. Ruth Hughs, Texas Secretary of State, in her Official Capacity*; Case No. 1:20-CV-789 in the United States District Court for the Western District of Texas – Austin Division.  [Doc 1, Complaint and Doc 6, Plaintiffs' Motion for Preliminary Injunction].

8. In considering Ms. Hill's knowledge and experience, the Bexar County Defendants would request that the Court deny the fees for the remaining attorneys, paralegals and law clerks.

### ii. *Johnson* Factors

9. Second, courts consider whether to enhance or decrease the lodestar based on the *Johnson* factors, which include: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.  *Avialae S De RL DE CV v. Cummins Inc.,* NO. EP-19-CV-00380-FM,  2023 WL 5163901 (W. D. Tex. August 3, 2023) *citing  Blanchard v. Bergeron*, 489 U.S. 87 (1989).

**First Factor: The Time and Labor Required**.

10. Although work was required, there was nothing significant in this case that required extra time and effort.  The case did not go to trial.  There was very little discovery.   Defendants' actions did not increase the Plaintiffs' time in this case beyond what could be expected.

**Second Factor: Novelty and Difficulty of the question**

11.  As stated above, this case was not complicated, novel or difficult.

Plaintiffs' attorney has argued these issues in multiple jurisdictions; in

fact, she had recently filed almost the same lawsuit against the State of

Texas.

**Third Factor: the skill needed to properly perform the legal service**

12.  As stated, although an attorney was required in this matter, eight

attorneys were not required.  This was an Americans with Disabilities

case with issues known to the Plaintiffs' attorney.

**Fourth factor: the preclusion of other employment opportunities**

13.  There is no indication that any of the Plaintiffs' attorney were precluded

from other work because of this case.   None of the attorneys are solo

practitioners.

**Fifth Factor: the customary fee**

14.  The Court may consider the customary fees for these types of lawsuits.

**Sixth Factor: whether the fee is fixed or contingent**

15. This is unknown to the Defendants.  Defendants assume that this work is

either customarily done pro bono or as a fixed fee.

**Seventh Factor: Time Limits imposed by the client or circumstances**

16. There were no difficult time limitations in the case.

**Eighth Factor: the amount involved and the result obtained.**

17. The most critical factor in determining a reasonable fee is the degree of success obtained. *Fessler*, 23 F.4th 415 (citation omitted). Awarding attorney's fees based on the damages, or degree of success obtained, is completely in line with the holdings of the United States Supreme Court and the Fifth Circuit. *Farrar v. Hobby*, 506 U.S. 103, 114-115, 121 L.Ed.2d 494, 113 S.Ct. 566 (1992); *Flowers v. Southern Regional Physician Services, Inc.,* 286 F.3d 798 (5th Cir. 2002); *Giles v. General Elec., Co.,* 245 F.3d 474, 491 n.31 (5th Cir.2001)

18. In the present case, the Plaintiffs won the Americans with Disabilities claim. However, they were not awarded any monetary damages. In addition, the Plaintiffs claim under the Rehabilitation Act was denied. The Bexar County Defendants are unable to determine the amount of work that was spent on this issue. The Bexar County Defendants request that Court considered these factors in determining if the Lodestar should be lowered.

**Ninth Factor: the experience, reputation and ability of the attorney.**

19. This factor is considered in the amount awarded as attorney's fees and the Bexar County Defendants request that it not be considered a second time in the lodestar factor.

**Tenth Factor: the undesirability of the case**

20. This is not a factor in this case.

21. In conclusion, considering the results of this lawsuit, the Bexar County

    Respondents would argue that the Lodestar should be reduced.

**B. Paralegal\ Legal Assistance\Law Clerks Time**

22. Generally, legal assistant time is nonrecoverable as attorneys' fees.

    *Avialae S De RL DE CV v. Cummins Inc.,* NO. EP-19-CV-00380-FM,

    2023 WL 5163901 (W. D. Tex. August 3, 2023). "Compensation for a

    legal assistant's work may be included in an attorneys' fees award if the

    legal assistant performed work traditionally done by an attorney, i.e.

    substantive legal work." *Id., citing Quanat Serv., Inc. v. Am. Admin*

    *Grp., Inc.*, No. H-06-1827, 2008 WL 11394368, at *2 (S.D. Tex. Mar.20,

    2008) (continuing cites omitted). The paralegals' time in this case

    involves a significant amount of billing for "reviewing and sending"

    emails, Teams Chats and Conferences, and formatting and filing. These

    are not activities of an attorney. Indeed, since Plaintiffs indicate that

    eight attorneys worked on this case, there would seem to be no reason for

    a paralegal to perform any substantive legal work traditionally done by

    an attorney.

9

23. This argument should also be considered for the billing for law clerk or interns.  Law interns are not lawyers and any work they performed would have to be reviewed and adopted by an attorney.  This time should not be allowed.

## C. Costs

24. The Bexar County Defendants object to the payment of travel expenses when the hearing could have been conducted by Zoom.   There were flying costs, rental cars and hotel fees.  For example, Ms. Hill flew into Austin and drove to San Antonio.  Ms. Lia Sifuentes makes a request for both an Enterprise Rental Agreement and also mileage for two days.  Generally rental agreements from Enterprise have unlimited mileage.  In addition, the Bexar County Defendants believe that Ms. Sifuentes came to the hearings, but did not speak to the Court.

25. Plaintiffs also ask for cost for fees paid to proceed pro hac vice for attorneys that were not even seen in the case.

**D. Conclusion**

26.     The Plaintiffs' request for attorney's fee is unreasonable and

inequitable.   Eight attorneys, three paralegals and two law clerks

were not needed for this case.  The amount that these attorneys billed

are not within the community standards of Bexar County.   Certain

costs incurred by the Plaintiffs were not needed.   The nature of the

case leans toward reducing the lodestar.


    THEREFORE, FOR THE REASONS STATED ABOVE, the Bexar County

Defendants pray that the Court carefully review the requests for attorneys fees

and costs to determine if the Plaintiffs' requests are reasonable and equitable.

The Bexar County Defendants further request any other relief, either at law or

by equity, to which they may be entitled.


Respectfully submitted,

JOE D. GONZALES
Criminal District Attorney
Bexar County, Texas

BY:\s\ *Susan A. Bowen*
SUSAN A. BOWEN
State Bar No. 02725950
Assistant Criminal District
 Attorney - Civil Division
101 W. Nueva  4th Floor

San Antonio, Texas 78205
Telephone No.: (210) 335-2147
TeleFax No.: (210) 335-2773
sbowen@bexar.org

## CERTIFICATE OF ELECTRONIC FILING AND SERVICE

I do hereby certify on the 1st day of September 2023, I electronically filed the foregoing with the Clerk of the Court using the CM-ECF system, which will send notification of such filing to the Plaintiff:

Lucia Romano LUCIA ROMANO Texas State Bar No. 24033013 Disability Rights Texas 1500 McGowen, Ste. 100 Houston, TX 77004-1153 Tel.: (713) 974-7691 Fax: (713) 974-7695 Email: lromano@drtx.org

Eve L. Hill EVE L. HILL* LAUREN J. KELLEHER* Brown Goldstein & Levy 120 E. Baltimore St., Ste. 1700 Baltimore, MD 21202 Tel.: (410) 962-1030 Fax: (410) 385-0869 Email: ehill@browngold.com Email: lkelleher@browngold.com

Michael T. Murphy MICHAEL T. MURPHY Texas State Bar No. 24051098 KATHERINE A. PRESTON* Texas State Bar No. 24088255 WILLIAM M. LOGAN* Texas State Bar No. 24106214 RACHAEL E. THOMPSON Texas State Bar No. 24117139 Winston & Strawn LLP 800 Capitol Street, Suite 2400 Houston, TX 77002 Tel.: (713) 651-2600 Fax: (713) 651-2700 Email: mtmurphy@winston.com Email: kpreston@winston.com Email: wlogan@winston.com Email: rthompson@winston.com

*Admitted Pro HacVice

*Susan A. Bowen*
Susan A. Bowen

12