IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| LARRY JOHNSON, WENDY WALKER, AMELIA PELLICCIOTTI, NATIONAL FEDERATION OF THE BLIND OF TEXAS, THE COALITION OF TEXANS WITH DISABILITIES,<br>*Plaintiffs*<br><br>-vs-<br><br>JACQUELYN F CALLANEN, IN HER OFFICIAL CAPACITY AS THE BEXAR COUNTY ELECTIONS ADMINISTRATOR; AND BEXAR COUNTY, TEXAS,<br>*Defendants* | § § § § § § § § § § § § § § § | SA-22-CV-00409-XR |

## ORDER

On this date, the Court considered Plaintiffs' motion for reconsideration of attorneys' fees (ECF No. 76), Defendants' response (ECF No. 77), and Plaintiffs' reply (ECF No. 78). After careful consideration, the Court issues the following order.

## BACKGROUND

On April 27, 2022, Plaintiffs—three visually impaired individuals and two nonprofit organizations composed of visually impaired and otherwise disabled Texans—filed this suit against Defendant Jacquelyn F. Callanen, in her official capacity as the Bexar County Elections Administrator, and Defendant Bexar County, Texas (collectively, "Defendants"). ECF No. 1.

On February 28, 2023, Plaintiffs filed a motion for summary judgment on their claims arising under Title II of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12131 *et seq.* and Section 504 of the Rehabilitation Act of 1973 ("Section 504" or "RA"), 29 U.S.C. §§ 791 *et seq.* ECF No. 48. That same day, Defendants filed a cross-motion for summary judgment. ECF No. 49.

1

On July 6, 2023, the Court granted in part and denied in part Plaintiffs' motion for summary judgment. ECF No. 60. In relevant part, the Court granted Plaintiffs' motion with respect to their ADA claim as Defendants failed to raise a "genuine dispute of material fact as to whether Plaintiffs have been denied a state benefit because of their disability" and to "negate[] the reasonableness of Plaintiffs' proposed accommodation." ECF No. 60 at 19. The Court, however, denied Plaintiffs' motion with respect to their RA claim, holding that "Plaintiffs . . . failed to carry their burden on this point." *Id.* Thereafter, the Court issued a permanent injunction requiring, *inter alia*, Defendants to provide an electronic remote accessible vote-by-mail ("RAVBM") system for blind and visually impaired voters. ECF No. 62.

On August 10, 2023, Plaintiffs filed a motion for attorneys' fees and costs seeking to recover $332,816.75 in attorneys' fees and $8,729.83 in reasonable expenses. ECF No. 64. On March 18, 2024, the Court granted in part and denied in part Plaintiffs' motion, awarding Plaintiffs $111,162.75 in attorneys' fees and $1,630.00 in costs. ECF No. 74.

Plaintiffs now request that the Court reconsider its March 18, 2024 order under Rule 59(e) as Plaintiffs contend the Court (1) failed to consider whether the costs sought were available under the ADA, (2) failed to consider the participating attorneys' years of experience and instead applied a single uniform hourly rate in its lodestar analysis, and (3) improperly evaluated Plaintiffs' degree of success in the litigation based on the ultimate impact of the permanent injunction. ECF No. 76.

## DISCUSSION

**I.  Legal Standard**

Federal Rule of Civil Procedure 59(e) provides that "[a]ny motion to alter or amend a judgment shall be filed no later than 10 days after entry of the judgment." FED. R. CIV. P. 59(e). Rule 59(e) allows a court "to prevent a manifest injustice" by altering or amending a judgment

2

upon a timely motion. *Id.*; *see also Schiller v. Physicians Res. Grp., Inc.*, 342 F.3d 563, 567 (5th Cir. 2003).

There are three limited circumstances in which such a motion may be granted: (1) to correct a manifest error of law or fact, (2) to account for newly discovered evidence, or (3) to accommodate an intervening change in controlling law. *Demahy v. Schwarz Pharma, Inc.*, 702 F.3d 177, 182 (5th Cir. 2012). The only ground alleged here is "manifest error." To find such an error, the error must be "plain and indisputable" and one "that amounts to a complete disregard of the controlling law." *Lyles v. Medtronic Sofamor Danek, USA, Inc.*, 871 F.3d 305, 311 (5th Cir. 2017), *cert. denied*, 138 S. Ct. 1037 (2018).

A Rule 59(e) motion "cannot be used to raise arguments which could, and should, have been made before the judgment issues." *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990). Nor can it be used to "relitigate old matters" that have already been resolved. *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5 (2008) (quoting 11 C. WRIGHT & A. MILLER, FEDERAL PRACTICE AND PROCEDURE § 2810.1 (2d ed. 1995)); *see also Templet v. HydroChem, Inc.*, 367 F.3d 473, 479 (5th Cir. 2004) ("[S]uch a motion is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment."). A Rule 59(e) motion "calls into question the correctness of a judgment" and "is an extraordinary remedy that should be used sparingly." *Id*. at 478–79 (internal citations omitted). A court, in considering such a motion, must balance "the need to bring litigation to an end" and "the need to render just decisions on the basis of all the facts." *Camacho v. Ford Motor Co.*, No. SA-19-CV-23-XR, 2020 WL 1958638 (W.D. Tex. Apr. 23, 2020) (unpublished) (quoting *Templet*, 367 F.3d at 479). "Though the court must consider these competing interests, Rule 59(e) favors the denial of a motion to alter or amend a judgment." *Id*. (citing *S. Constructors Grp., Inc. v.*

*Dynalectric Co.*, 2 F.3d 606, 611 (5th Cir. 1993)); *see also Templet*, 367 F.3d at 479 ("Reconsideration of a judgment after it has been entered is a remedy that should be used only rarely.").

## II.   Analysis

### a.  Costs under 42 U.S.C. § 12205

Plaintiffs contend that the Court erred by failing to consider the availability of costs under 42 U.S.C. § 12205, which Plaintiffs contend permits them to recover costs that are not specifically taxable under 28 U.S.C. §1920. EF No. 76 at 2–3. According to Plaintiffs, "district courts regularly award 'costs that are not included in Section 1920. . . [such as] costs for research, parking, postage, mediation, and travel,' that are nonetheless 'necessary litigation expenses covered by Section 12205' under 42 U.S.C. § 12205." *Id.* As such, Plaintiffs request that the Court reconsider its denial of postage, legal research, PACER fees, and travel expenses. *Id.* at 2–4. In response, Defendants assert that "42 U.S.C. §12205 [sic] provides that a court, at its discretion, may award attorney's fees and costs in an ADA case." ECF No. 77 at 2. Accordingly, in Defendants' view, the Court did not err in failing to consider whether Plaintiffs' costs were recoverable under § 12205.

Here, the Court concludes that it erred in stopping its analysis short at 28 U.S.C. § 1920 and not considering those costs are recoverable under 42 U.S.C. § 12205. Thus, the Court will consider whether Plaintiffs' postage, legal research, PACER fees, and travel expenses are necessary litigation expenses that should be awarded under § 12205.

To start, as Plaintiffs point out, courts regularly award costs for postage, legal research, PACER fees, and travel expenses under § 12205 when those costs were necessarily incurred. *See, e.g.*, *Gilmore, v. Elmwood S., L.L.C.*, No. CIV.A. 13-37, 2015 WL 1245770, at *6–*8 (E.D. La. Mar. 18, 2015) (awarding costs for attorney travel, legal research, expert travel, and expert fees);

4

*Hawthorne v. KS Mgmt. Servs., LLC*, No. CV H-17-2350, 2022 WL 2136900, at *5 (S.D. Tex. May 17, 2022) (awarding costs for research, parking, postage, mediation, and travel), *appeal dismissed sub nom. Hawthorne v. KS Mgmt. Servs., L.L.C.*, No. 22-20283, 2022 WL 17553030 (5th Cir. July 26, 2022). Here, the Court finds that the $2,896.98 in travel expenses sought here was necessary and thus compensable under § 12205 as these costs were incurred for appearances before this Court. However, the Court declines to award costs for postage, legal research, and PACER fees under § 12205 because Plaintiffs failed to demonstrate the necessity of those costs. *See Gilmore*, 2015 WL 1245770, at *7 ("Whether under Section 1920 or 12205, when cost-seekers neglect to supply any verification that the costs claimed were 'necessarily incurred in the case' and instead state only that the costs were expended 'in the preparation and litigation of this case,' the district court does not abuse its discretion by denying all costs except filing fees.").

      **b. Application of a Single Uniform Rate**

Next, Plaintiffs contend that the Court erred in applying a single uniform hourly rate in its lodestar analysis without considering counsels' respective years of experience. ECF No. 76 at 5. Plaintiffs insist that the Court was required to adjust its San Antonio rate in light of "counsels' respective years of experience." *Id.* In response, Defendants point out that the Court applied a single uniform rate only after Plaintiffs failed to meet their burden to demonstrate the reasonableness of their hourly rates. ECF No. 77 at 2–3.

Ultimately, the Court views Plaintiffs' motion for reconsideration on this point as an attempt to correct an error of their own. When seeking attorneys' fees, a party must demonstrate that the hourly rates sought are reasonable in the particular community in which the court sits. *Hicks v. Gilchrist Constr. Co.*, No. 3:19-CV-01266, 2020 WL 4275045, at *4 (W.D. La. July 24, 2020); *Watkins v. Input/Output, Inc.*, 531 F. Supp. 2d 777, 783–84 (S.D. Tex. 2007). This can be

done in two ways: (1) "through affidavits of other attorneys practicing in that community, or" (2) "by reference to rates awarded in prior cases." *Hicks*, 2020 WL 4275045, at *4.

But in their motion for attorney's fees, Plaintiffs neither presented affidavits from attorneys practicing in the San Antonio market nor directed the Court to any relevant case law setting reasonable hourly rates for the San Antonio area or for the Western District of Texas. *See* ECF No. 64 at 8–10. After Defendants pointed out this error in response, Plaintiffs—ignoring that it was their burden to demonstrate the reasonableness of their hourly rate—argued simply that Defendants did not "provide any contrary evidence regarding a reasonable market rate for federal litigation practice in this Court." ECF No. 68 at 5. Accordingly, in its order, given that Plaintiffs failed to meet their burden to establish the reasonable hourly rates applicable in this case, the Court relied on a Texas State Bar survey in setting the reasonable hourly rate—determining that the median hourly rate of $285 was a reasonable hourly rate to set for all attorneys in this matter.[1]

In the instant motion, Plaintiffs attempt to argue that such survey rates are merely the starting point and that a court errs when it does not adjust those rates upward based on any one attorney's particular skill and experience. ECF No. 76 at 6. Indeed, Plaintiffs *now* direct this Court to case law from the Western District to demonstrate reasonable hourly rates for attorneys of similar experience. *See* ECF No. 76 at 6–7.

Nonetheless, the Court finds that it did not err here. First, the Court declines to permit Plaintiffs the opportunity to make arguments and present authority that should have been offered in their initial motion for attorneys' fees. *See Simon*, 891 F.2d at 1159. Second, while Plaintiffs contend that this uniform rate does not account for their respective years of experience, Plaintiffs

---

[1] *2019 Income and Hourly Rates*, TEX. B. ASS'N, at 10 (2020), hhttps://www.texasbar.com/AM/Template.cfm?Section=Archives&Template=/CM/ContentDisplay.cfm&ContentID =56637#:~:text=The%20median%20hourly%20rate%20for,practitioners%20in%202019%20was%20%24291 (last visited Aug. 27, 2024).

ignore that the Court chose a *median* hourly rate that—by its nature as a *median* hourly rate—already accounts for varying years of experience. Third, and most importantly, it was Plaintiffs' burden to demonstrate the reasonableness of their hourly rates, including the reasonableness of differing hourly rates based on counsels' years of experience. Plaintiffs failed to meet that burden.

Put bluntly, it is counsel's job to demonstrate the reasonableness of their hourly rate. It is not the duty of the Court to step in and correct counsel's mistakes. The Court declines to offer Plaintiffs a second bite at the apple.

### c. Reduction of the Lodestar by One-Third

Lastly, Plaintiffs contend that the Court erred by reducing Plaintiffs' attorneys' fees award by one-third because the "ultimate impact" of the Court's permanent injunction was minimal. ECF No. 76 at 8–15. According to Plaintiffs, the Court should not have considered the impact of the injunction under the "degree of success obtained" factor but rather should have omitted from its analysis any consideration of the number of individuals who ultimately utilized the RAVBM system put in place by the Court's permanent injunction. *Id.* at 12–15. In response, Defendants argue that "the actual individual Plaintiffs and the legally blind voters of Bexar County do not appear to have directly benefitted from the Court's Order," and in the two significant elections since the Court's permanent injunction, the RAVBM system has been used only once. ECF No. 77 at 3–4.

Upon review, even if the Court incorrectly analyzed the "ultimate impact" of the Court's permanent injunction under the "degree of success obtained" in considering the *Johnson* factors, *see* ECF No. 76 at 11, Plaintiffs ignore that the *Johnson* factors are a *non-exhaustive* list of factors on which the Court may adjust the lodestar, *see In re Arthrocare Corp. Sec. Litig.*, No. A-08-CA-574-SS, 2012 WL 12951371, at *3 (W.D. Tex. June 4, 2012) (referring to the *Johnson* factors as

"a non-exhaustive list of considerations used by courts to determine whether a fee award is reasonable"). The Court simply cannot ignore that the RAVBM system has been used only *once* since the Court put this system in place with its permanent injunction. ECF Nos. 72, 75. In addition, though Plaintiffs' motion for reconsideration places the blame for this minimal impact on Defendants for their delayed roll out of the RAVBM system in fall 2023, ECF No. 76 at 8–10, Plaintiffs do not address the fact that *zero* individuals used the RAVBM system in the March 5, 2024 election, ECF No. 75. The Court finds that it did not err by reducing Plaintiffs' attorneys' fees based on the "ultimate impact" of the Court's permanent injunction. *See* ECF No. 74 at 11–12.

## CONCLUSION

For the foregoing reasons, the Court **GRANTS IN PART** and **DENIES IN PART** Plaintiffs' motion for reconsideration (ECF No. 76). In addition to the $111,162.75 in attorneys' fees and $1,630.00 in costs previously awarded by the Court, the Court on reconsideration awards an additional $2,896.98 for travel expenses necessarily incurred as litigation expenses under 42 U.S.C. § 12205.

It is so **ORDERED**.

**SIGNED** this 27th day of August, 2024.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE